

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 14, 2019

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Natalie Mayflower Sours Edwards*,
           19 Cr. 64 (GHW)

Dear Judge Woods:

    With consent of the defendant in the above-captioned matter, the Government respectfully requests that the Court sign and docket the enclosed proposed protective order concerning discovery.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

By:  <u>s/ Daniel C. Richenthal</u>
     Kimberly J. Ravener
     Daniel C. Richenthal
     Assistant United States Attorneys
     (212) 637-2358/2109

Enclosure

cc:    (by ECF)

       Counsel of Record

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :    PROTECTIVE ORDER

        - v. -                      :    19 Cr. 64 (GHW)

NATALIE MAYFLOWER SOURS EDWARDS,    :
   a/k/a "Natalie Sours,"
   a/k/a "Natalie May Edwards,"     :
   a/k/a "May Edwards,"
                                    :
              Defendant.
                                    :
- - - - - - - - - - - - - - - - - - x
```

On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Geoffrey S. Berman, by Assistant United States Attorneys Kimberly J. Ravener and Daniel C. Richenthal; and with the consent of the defendant, by and through her counsel; and for good cause shown:

IT IS HEREBY ORDERED THAT:

1. Discovery material, including that produced pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, *Brady v. Maryland*, and/or *United States v. Giglio*, and its progeny, produced by the Government in this action (collectively, "Discovery Material") that (i) contains (a) personally identifiable information, including tax information, account numbers, Social Security numbers, dates of birth, home addresses, names of minors, personal email addresses, and/or personal telephone numbers; (b) information related to medical or mental

health issues, including that potentially protected by the Health Insurance Portability and Accountability Act; and/or (c) information related to Congressional inquiries, including correspondence with Congressional committees, and/or (ii) was obtained from electronic devices or accounts belonging to individual third-parties, is "Confidential Information."

    2.   Confidential Information disclosed or produced to the defendant or to her counsel, whether in paper or electronic form, during the course of proceedings in this action, which will be so identified either by stamping the documents containing such information or in transmittal correspondence or an index accompanying such disclosure or production:

        a.   shall be used by the defendant, her counsel, or Designated Persons to whom Confidential Information is described or disclosed pursuant to paragraph 2(f) below only for purposes of defending this action;

        b.   shall be kept in the sole possession of the defendant, her counsel, or Designated Persons to whom Confidential Information is described or disclosed pursuant to paragraph 2(f) below;

        c.   shall be maintained by the defendant, her counsel, and Designated Persons in such a manner as to assure its confidentiality;

    d.   shall not be copied or recorded by the defendant other than for purposes of defending this action and with notice to her counsel;

    e.   shall not be described or disclosed in any form by the defendant or her counsel except as set forth in paragraph 2(f) below;

    f.   may only be described or disclosed by the defendant or her counsel to the following persons (hereinafter, collectively, "Designated Persons"):

        i. investigative, secretarial, clerical, paralegal, or law student personnel employed full-time or part-time by the defendant's counsel in this action;

        ii. expert witnesses or investigators retained by the defendant or on her behalf in connection with defending this action;

        iii. fact witnesses or other third-parties interviewed by the defendant's counsel or a member of the defense team in the course of defending this action; or

        iv. such other persons as hereafter may be authorized by the Court upon written motion by the defendant, after conferring with the Government; and

   g. shall be either (i) returned to the Government following the conclusion of this action, including any appeals, together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with the defendant's counsel verifying in writing to the Government that such destruction has taken place.

  3. Discovery Material that contains (a) information subject to protection under the Bank Secrecy Act ("BSA"), and/or (b) law enforcement sensitive information, including that identifying subjects or targets of an ongoing investigation, describing non-public investigative techniques used in the investigation that led to charges in this action, describing the procedures by which information is gathered or shared by the Financial Crimes Enforcement Network ("FinCEN") or financial institutions subject to the BSA, describing the manner in which searches of BSA-protected information within FinCEN are logged, or otherwise describing FinCEN security procedures, is "Restricted Information."

  4. Restricted Information disclosed or produced to the defendant or to her counsel, whether in paper or electronic form, during the course of proceedings in this action, which will be so identified either by stamping the documents containing such information or in transmittal correspondence or an index accompanying such disclosure or production:

  a. shall be used by the defendant, her counsel, or Designated Persons to whom Restricted Information is described or disclosed pursuant to paragraph 4(g) below only for purposes of defending this action;

  b. shall be kept in the sole possession of the defendant's counsel or Designated Persons to whom Restricted Information is described or disclosed pursuant to paragraph 4(g) below;

  c. shall be maintained by the defendant's counsel and Designated Persons in such a manner as to assure its confidentiality;

  d. shall not be reviewed by the defendant outside the presence of her counsel;

  e. shall not be maintained, copied, or otherwise recorded by the defendant;

  f. shall not be described or disclosed in any form by the defendant or her counsel except as set forth in paragraph 4(g) below;

  g. may only be described or disclosed by the defendant or her counsel to Designated Persons; and

  h. shall be either (i) returned to the Government following the conclusion of this action, including any appeals, together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with the defendant's

counsel verifying in writing to the Government that such destruction has taken place.

  5. Notwithstanding the foregoing, the defendant may maintain in her possession any Discovery Material produced by the Government that is designated Restricted Information if, prior to her doing so, the defendant's counsel or the Government has redacted or otherwise altered such Discovery Material so as to securely redact or remove any Restricted Information.  If such redaction or alteration is performed by the defendant's counsel, prior to providing a copy of the resulting Discovery Material to the defendant, the defendant's counsel shall provide a copy to the Government so that the Government may assure that such redaction or alteration is secure and complete.

  6. The defendant's counsel shall provide a copy of this Order to Designated Persons to whom Confidential or Restricted Information is intended to be disclosed pursuant to paragraphs 2(f) or 4(g) above, prior to such disclosure.  If any such Designated Person does not agree to the provisions of this Order, Confidential or Restricted Information may not be disclosed to such Designated Person.  Any Designated Person who receives Confidential or Restricted Information shall be subject to the terms of this Order.

  7. The provisions of this Order shall not be construed as preventing the disclosure or use by the defendant or her counsel

of any information in any motion, hearing, trial, sentencing, or other proceeding held in this action or to any judge or magistrate of this Court for purposes of this action, to the extent that (a) personally identifiable information is redacted in a public filing as required by the rules governing publicly-filed documents in this district and Federal Rule of Criminal Procedure 49.1, and (b) with respect to any document designated as containing Confidential or Restricted Information that the defendant or her counsel intends to file publicly or to specifically describe in a public filing, the defendant's counsel must either (i) file the document under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper redaction, if any, of the publicly-filed version of the document.  If the parties are unable to reach agreement as to whether redactions to the public filing are warranted, or the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described in a public filing.

     8.   Any disputes regarding the designation of Discovery Material as Confidential or Restricted Information, or any other dispute concerning this Order, which cannot be resolved among the

parties, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

Dated:    New York, New York
           February __, 2019

                                  SO ORDERED:

                                  _____
                                  THE HONORABLE GREGORY H. WOODS
                                  UNITED STATES DISTRICT JUDGE