```
j1u2edwC kjc
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

         v.                            19 Cr. 64(GHW)

NATALIE MAYFLOWER SOURS
EDWARDS,

              Defendant.

------------------------------x        Arraignment

                                       January 30, 2019
                                       2:35 p.m.

Before:

              HON. GREGORY H. WOODS,

                               District Judge



                      APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  KIMBERLY J. RAVENER
     DANIEL C. RICHENTHAL
     Assistant United States Attorneys


BRAFMAN & ASSOCIATES, P.C.
     Attorneys for Defendant
BY:  JACOB KAPLAN
```

1        (Case called)
2        THE DEPUTY CLERK:  Counsel, please state your names
3   for the record.
4        MS. RAVENER:  Good afternoon, your Honor.  Kimberly
5   Ravener and Daniel Richenthal for the government.
6        THE COURT:  Thank you.  Good afternoon.
7        MR. KAPLAN:  Good afternoon, your Honor.  Jacob
8   Kaplan, of Brafman & Associates, for Ms. Edwards.
9        THE COURT: Good.  Thank you very much.  Good
10  afternoon.
11       Good afternoon, Ms. Edwards.
12       So, Ms. Edwards, first I understand that you have
13  already had an initial appearance before a magistrate judge who
14  has informed you of certain of your rights.  Because of the
15  importance of your right to remain silent, I am just going to
16  review that right again for you here now briefly.
17       You have the right to remain silent.  You do not have
18  to say anything to anyone.  If you give up that right and make
19  a statement, the prosecutor can use anything that you say
20  against you.  Therefore, I strongly suggest that you not say
21  anything to anyone unless you and your lawyer have decided that
22  it is in your best interest to do so.  If you have already
23  given a statement, you don't have to say anything else.  If you
24  decide to go ahead and make a statement, you have the right to
25  stop at any time.

1           Do you understand that?
2           THE DEFENDANT:  Yes, sir.
3           THE COURT:  Thank you.
4           Now, I understand that Mr. Kaplan is representing you
5   in these proceedings.
6           Ms. Edwards, I have been informed that you wish to
7   waive your right to proceed by indictment in this case and to
8   allow the United States to file an information containing the
9   charges against you.  Is that correct?
10          THE DEFENDANT:  Yes, sir.
11          THE COURT:  Thank you.
12          So the purpose of this proceeding going forward,
13  Ms. Edwards, and counsel, is the following:
14          First, to provide you with the opportunity to waive
15  your right to indictment if you wish to do so;
16          Second, to make sure that you have a copy of the
17  information containing the charges against you;
18          Third, to inform you of the charges against you;
19          Fourth, to take your plea with respect to each of
20  those charges; and
21          Fifth, to discuss what's going to happen next during
22  the course of this proceeding.
23          Before we proceed, I'm going to ask a number of
24  questions of you, Ms. Edwards, so that I can establish to my
25  satisfaction that you understand what it is that you will be

1  giving up if you choose to waive your right to proceed by
2  prosecution by indictment.  If you do not understand any of my
3  questions or if you wish to consult with your lawyer at any
4  point at any time with respect to these questions, please just
5  let me know.  I would be happy to give you as much time as you
6  would like to discuss with your lawyer and I would be happy to
7  clarify any of my questions if it would be helpful for you.
8             So, Ms. Edwards, because I'm going to be asking you a
9  number of questions, I'm going to ask you to please stand to
10 take an oath to answer my questions truthfully.  Would you
11 please stand.
12            (Defendant sworn)
13            THE COURT:  Good.  Thank you very much.  You can be
14 seated.
15            Ms. Edwards, you are now under oath, which means that
16 if you answered any of my questions falsely, you can be
17 prosecuted for the separate crime of perjury or making false
18 statements.  The government has the right to use any statement
19 that you give under oath against you in such a prosecution.
20            Do you understand that?
21            THE DEFENDANT:  Yes, sir.
22            THE COURT:  Thank you.  So, first, can you please tell
23 me your full name.
24            THE DEFENDANT:  Natalie Mayflower Sours Edwards.
25            THE COURT:  Thank you.

j1u2edwC kjc

1              How old are you?
2              THE DEFENDANT:  40.
3              THE COURT:  Can you tell me where you were born?
4              THE DEFENDANT:  Richmond, Virginia.
5              THE COURT:  Thank you.
6              How far did you go in school?
7              THE DEFENDANT:  Ph.D.
8              THE COURT:  Thank you.
9              Can you describe for me, please, briefly your
10   employment experience.
11             THE DEFENDANT:  Yes.  I was a high school teacher.  I
12   then worked for Virginia Commonwealth University.  I then
13   worked for the Department of Justice, Alcohol, Tobacco,
14   Firearms, and Explosives.  I then worked in the intelligence
15   community.  And I am now with the Treasury Department.
16             THE COURT:  Thank you.
17             Ms. Edwards, are you currently or have you recently
18   been treated or hospitalized for any mental illness?
19             THE DEFENDANT:  No, sir.
20             THE COURT:  Are you currently or have you recently
21   been under the care of a physician, psychiatrist, or
22   psychologist?
23             THE DEFENDANT:  Yes, sir.
24             THE COURT:  Thank you.
25             Is there anything about that that would affect your

1   ability to understand what's happening in this proceeding
2   today?
3              THE DEFENDANT:  No, sir.
4              THE COURT:  Thank you.
5              Are you currently or have you recently been
6   hospitalized or treated for drug addiction?
7              THE DEFENDANT:  No, sir.
8              THE COURT:  Thank you.
9              Within the past 24 hours, have you used or taken any
10  alcohol, drugs, or call it mind-altering medication?
11             THE DEFENDANT:  No, sir.
12             THE COURT:  Thank you.
13             Do you understand what's happening in this proceeding?
14             THE DEFENDANT:  Yes, sir.
15             THE COURT:  Good.  Thank you.
16             Ms. Edwards, I have been informed that you wish to
17  waive your right to prosecution by indictment.  Is that
18  correct?
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  Thank you.
21             Ms. Edwards, before I accept your waiver, I'm going to
22  ask you a number of questions to make sure that you understand
23  what you would be giving up if you choose to proceed and waive
24  your right to prosecution by indictment and also to ensure that
25  your waiver is knowing, voluntary, and intelligent.  Again, if

1   you would like to confer at any time with your counsel
2   throughout this proceeding, please feel free to let me know.  I
3   would be happy to give you as much time as you would like to do
4   that.
5           So first, I want to make sure that you understand what
6   it is that you have been charged with.  Have you seen a copy of
7   the information containing the charges against you?
8           THE DEFENDANT:  Yes, sir.
9           THE COURT:  Thank you.
10          Counsel, have you had the opportunity it review the
11  information and to discuss it with Ms. Edwards?
12          MR. KAPLAN:  Yes, your Honor.
13          THE COURT:  Thank you.
14          Counsel for the United States, can I ask you to please
15  summarize the charges on which Ms. Edwards is being arraigned
16  today.
17          MS. RAVENER:  Yes, your Honor.
18          The information consists of two counts -- first,
19  conspiracy to make unauthorized disclosures of suspicious
20  activity reports; and, second, the substantive offense of
21  actually making unauthorized disclosures of such.
22          THE COURT:  Thank you.
23          So, Ms. Edwards, I want to make sure that you
24  understand that these charges, which are in the information and
25  have just been described to you, that indeed you are being

Case 1:19-cr-00064-GHW Document 20 Filed 03/07/19 Page 8 of 18         8
j1u2edwC kjc

1    charged with committing felonies.
2              Do you understand the charges against you?
3              THE DEFENDANT:  Yes, sir.
4              THE COURT:  Thank you.
5              Now, instead of an indictment, these felony charges
6    against you have been brought by the United States Attorney by
7    the filing of what's called an information.  Because the
8    charges are felonies, however, you have the right, a
9    constitutional right to be charged by an indictment of the
10   grand jury.  You can, however, waive that right and consent to
11   being charged by information of the United States Attorney.  Do
12   you understand, however, that you are under no obligation to
13   waive indictment?
14             THE DEFENDANT:  Yes, sir.
15             THE COURT:  Thank you.
16             Ms. Edwards, if you choose not to waive your right to
17   prosecution by indictment, that means that you may not be
18   charged with a felony unless a grand jury returns an indictment
19   by finding that there is probable cause to believe that a crime
20   has been committed and that you committed it.  If you do not
21   waive indictment, the government may present the case to a
22   grand jury and ask the grand jury to indict you.  A grand jury
23   is composed of between 16 and 23 people, and at least 12 of
24   those grand jurors must find that there is probable cause to
25   believe that you committed the crime with which you are charged

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  before you may be indicted.  The grand jury might or might not
2  indict you.  If you waive indictment by the grand jury, the
3  case will proceed against you on the U.S. Attorney's
4  information just as if you had been indicted by a grand jury.
5           Ms. Edwards, do you understand your right to
6  indictment by a grand jury?
7           THE DEFENDANT:  Yes, sir.
8           THE COURT:  Do you understand that by waiving
9  prosecution by indictment, you are giving up your right to have
10 this case presented to a grand jury.
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  Thank you.
13          Ms. Edwards, have you discussed waiving your right to
14 indictment by the grand jury with your counsel?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  Have any threats or promises been made to
17 you to induce you to waive indictment?
18          THE DEFENDANT:  No, sir.
19          THE COURT:  Do you wish to waive your right to
20 indictment by the grand jury?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  Thank you.
23          Counsel, before we proceed, does either set of counsel
24 know of any reason that I should not find that the defendant
25 has knowingly and voluntarily waived her right to be indicted

1   by the grand jury?
2            MS. RAVENER:  No, your Honor.
3            MR. KAPLAN:  No, your Honor.
4            THE COURT:  Thank you.
5            Now, Ms. Edwards, my courtroom deputy, Mr. Daniels, is
6   now going to show you a waiver of indictment form.  If you wish
7   to waive your right to prosecution by indictment, you can sign
8   this form.  Your counsel should witness your signature, as will
9   Mr. Daniels.
10           (Pause)
11           THE COURT:  Thank you.
12           I have been handed a signed waiver of indictment form
13  which has been signed by the defendant and her counsel in my
14  presence and witnessed by Mr. Daniels.  I am going to mark this
15  as Court Exhibit 1.  I find that the defendant has knowingly,
16  voluntarily, and intelligently waived her right to prosecution
17  by indictment, and I authorize the filing of the information.
18           Ms. Edwards, you have already told me that you have
19  seen a copy of the information and that you have had the
20  opportunity to review the information with your counsel.  Is
21  that correct?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  Thank you.
24           I have already asked the government to summarize the
25  charges on which you are being arraigned today.  You also have

the right for me to read the information to you out loud here on the record in its entirety.  You can also waive that right.  But I would be happy to read it if you would like.

Would you like for me to read the information to you on the record?

THE DEFENDANT:  No, sir.

THE COURT:  Thank you.

Counsel, do you waive formal reading of the indictment?

MR. KAPLAN:  Yes, your Honor.

THE COURT:  Or information, rather.

Thank you.

Ms. Edwards, can I ask you to please stand.  Thank you.

Ms. Edwards, do you understand what it is that you have been charged with?

THE DEFENDANT:  Yes, sir.

THE COURT:  Thank you.

Count One charges that, from at least in or about October 2017 up to and including in or about October 2018, in the Southern District of New York and elsewhere, you and others, known and unknown, willfully and knowingly conspired to commit an offense against the United States, to wit, to make unauthorized disclosures of suspicious activity reports and the existence of suspicious activity reports, in violation of

1   subchapter 2 of Title 31, 31 CRF 1023.320(e)(2), all of which
2   in violation of 18 U.S.C. 371.
3              How do you plead to that count?
4              THE DEFENDANT:  Not guilty, your Honor.
5              THE COURT:  Thank you.
6              Count Two charges that from at least in or about
7   October 2017, up to and including in or about 2018, in the
8   Southern District of New York and elsewhere, you, a federal
9   employee, willfully violated subchapter 2 of Title 31 and a
10  regulation and order prescribed thereunder by disclosing SARs,
11  and information that would reveal the existence of a SAR, also
12  all in violation of 31 U.S.C. 5322(a) and Title 18 U.S.C. 2.
13             How do you plead to that count?
14             THE DEFENDANT:  Not guilty, your Honor.
15             THE COURT:  Thank you very much.  Your pleas of not
16  guilty are accepted.  You can be seated.
17             So counsel for the United States, let me turn to you.
18  Can you describe for me more fully the nature of this case.
19             MS. RAVENER:  Yes, your Honor.
20             THE COURT:  Thank you.
21             MS. RAVENER:  The defendant was a high-ranking
22  official at the Financial Crimes Enforcement Network, known as
23  FinCEN, a subdivision of the Department of the Treasury, who
24  made numerous unauthorized disclosures over a period of about a
25  year of suspicious activity reports, which are known as SARs

1   and are protected by the Bank Secrecy Act, in violation of her
2   duties.  She did that, as well, in conspiracy with others.
3           That's the basic description of the nature of the
4   offense, and I am prepared to supply any further detail
5   requested by the court.
6           THE COURT:  Thank you.  That's fine.
7           Counsel, can I ask, does the government at this point
8   anticipate any superseding indictments adding defendants or
9   additional charges?
10          MS. RAVENER:  Yes, your Honor.  That is possible.  The
11  investigation is ongoing.
12          THE COURT:  Thank you.
13          Do you have a sense of the timing by which any such
14  superseding indictment or information might be filed?
15          MS. RAVENER:  Not specifically, your Honor.  It is my
16  hope that within the next two to three months we would have a
17  resolution for the court on that question.
18          THE COURT:  Thank you.  Understood.
19          So counsel for the United States, let me ask you about
20  the status of discovery.  First, can you tell me what types of
21  evidence you expect to produce and how long you anticipate it
22  will take for you to produce it?
23          MS. RAVENER:  Yes, your Honor.
24          We have made a production of certain statements made
25  by the defense recorded both in notes and in interview reports.

1      In addition, the government anticipates producing a
2 significant quantity of electronic evidence obtained both from
3 FinCEN itself and through search warrants, both electronic
4 search warrants and premises warrants that were executed in
5 connection with the case, as well as a Title III application
6 and the fruit of that application.
7      The government also anticipates producing certain
8 business records, phone records, and the like.
9      THE COURT:  Thank you.
10      The search warrant against the electronic devices were
11 against Ms. Edwards's devices?
12      MS. RAVENER:  Yes, your Honor.  Ms. Edwards's devices
13 as well as e-mail accounts used by Ms. Edwards.  In addition, a
14 warrant was executed as well on at least one electronic device
15 possessed by another person, and we anticipate making a
16 production of certain material from that search at the
17 appropriate time, as well as, as I indicated, records obtained
18 from the electronic files of FinCEN.
19      THE COURT:  Thank you.  Good.
20      Do you have a sense of how long it will take for the
21 United States to turn over all of that evidence?
22      MS. RAVENER:  Your Honor, we are in the process of
23 working with the defense to do that.  We have notified the
24 defense that we believe a protective order will be necessary
25 for much of that evidence, and we are working with the defense

to craft a proposal that we can present to the court within the next several weeks.  I hope that we will get that to you within the next two weeks for the court's consideration.

Once a protective order is in place, we should be able to get a rolling production of discovery.  And my colleague reminds me, your Honor, to be clear, we also executed a search of Ms. Edwards's residence, and we will be providing discovery in connection with that as well.

THE COURT:  Thank you.

I understand that you anticipate beginning a rolling discovery production following completion of a protective order.  Do you have a sense of how long it would take to complete production of the discovery materials that the government currently has in its possession and control?

MS. RAVENER:  Your Honor, I think the bulk of it will be produced within about six weeks.  I can advise the court that some of our electronic search review is ongoing, and so it may be that there will be a rolling production with respect to the identification of specific materials from search warrants. But we will be able to get the bulk of this material to Ms. Edwards and certainly her own e-mail accounts, devices, etc., produced within the next six weeks or less.

THE COURT:  Thank you.

Let me turn to counsel for defendant.  Counsel, you just heard a description of what the government intends to

1  provide and you have some sense of the timeline by which they
2  will be providing to you the bulk of it.  What's your view
3  regarding appropriate next steps in the case, assuming that
4  production schedule?
5           MR. KAPLAN:  I would recommend a control date in
6  around two months or so to see how the discovery is flowing and
7  see if there are any issues that we must address with the
8  court.
9           THE COURT:  Thank you.
10          Counsel for the United States, what's your view?
11          MS. RAVENER:  That's fine for the government, your
12 Honor.
13          THE COURT:  Good.  I am happy to adopt the defendant's
14 proposal, and we will set a status date for approximately two
15 months from today.
16          Mr. Daniels, can you please propose a date?
17          THE DEPUTY CLERK:  Yes, Judge.  Tuesday, April 2, at 4
18 p.m.
19          THE COURT:  Good.
20          Counsel, does that date and time work for each of you
21 and for Ms. Edwards?
22          MR. KAPLAN:  It is fine for the defense.
23          THE COURT:  Good.  Thank you.
24          MS. RAVENER:  It's fine for the government, your
25 Honor.

1               THE COURT:  Good.  Thank you very much.
2               Is there any other issue that we should take up before
3    we come to the Speedy Trial clock?  We will have a conference
4    at that date and time unless otherwise ordered by the court.
5    The parties are referred to my individual rules regarding any
6    requests for an adjournment of that date and time.
7               Counsel, anything else that we need to take up before
8    we come to the Speedy Trial clock?
9               MR. KAPLAN:  No, your Honor.
10              MS. RAVENER:  No, your Honor.
11              THE COURT:  Thank you.
12              Is there an application?
13              MS. RAVENER:  Yes, your Honor.
14              The government would ask that time be excluded until
15   the next conference date of April 2, 2019, under the Speedy
16   Trial Act, in order to permit the parties to discuss the
17   potential for a pretrial disposition and for the resolution of
18   the protective order to permit the government to produce
19   discovery to the defense and allow the defense to review it.
20              THE COURT:  Good.  Thank you very much.
21              Can I turn to you, counsel for defendant?  What's your
22   view regarding that request?
23              MR. KAPLAN:  We have no objection at this time.
24              THE COURT:  Thank you.
25              I will exclude time from today until April 2, 2019.  I

1    find that the ends of justice served by excluding such time

2    outweigh the best interests of the public and the defendant in

3    a speedy trial because it will allow time for negotiation and

4    resolution of the protective order, production of discovery and

5    review of those materials by the defendant, and also time for

6    the parties to potentially negotiate a pretrial disposition of

7    the case.

8              Anything else that we should take up before we

9    adjourn?

10             First counsel for the United States.

11             MS. RAVENER:  No, your Honor.  Nothing further.

12             THE COURT:  Good.  Thank you.

13             Counsel.

14             MR. KAPLAN:  No, your Honor.  Thank you for your time.

15             THE COURT:  Good.  Thank you very much.  This

16   proceeding is adjourned.

17                              oOo