MEMORANDUM ENDORSED   Case 1:19-cr-00064-GHW   Document 52   Filed 06/25/20   Page 1 of 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/20

# BRAFMAN & ASSOCIATES, P.C.
### ATTORNEYS AT LAW
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

June 25, 2020

VIA ECF
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Natalie Mayflower Sours Edwards</u>, 19 Cr. 64 (GHW)

Dear Judge Woods:

      We write in response to the Court's June 24, 2020, Order scheduling a June 29, 2020, conference to address the issues raised in Dr. Sours Edwards' ex parte submission to the Court. There is one concern that counsel and the government would like to raise before the conference. In her submission, Dr. Sours Edwards makes several statements regarding her relationship with counsel. Although the government has not yet seen the submission, we have discussed the general nature of certain issues raised in the submission. After conferring, both counsel and the government agree that, in an abundance of caution, this Court should consider appointing independent counsel for Dr. Sours Edwards prior to the conference for the limited purpose of conferring with Dr. Sours Edwards about her submission and any issues she has regarding her relationship with current counsel. Together, this independent counsel and current counsel can address all potential issues raised by Dr. Sours Edwards' submission.

Respectfully submitted,

*Jacob Kaplan*

Jacob Kaplan, Esq.

cc: Government Counsel (via ECF)

Application denied without prejudice. According to the docket, the defendant has retained counsel. The Court has no information regarding her financial eligibility for the appointment of counsel under the Criminal Justice Act. The Court anticipated that the appointment of independent counsel would be an issue for discussion during the scheduled conference. The Court anticipated that it would solicit financial information that would support the Court's authority to appoint independent counsel. Counsel may wish to consider the possibility of assembling the appropriate information and, if appropriate, financial affidavit for the Court's consideration to expedite the Court's consideration of the question. To the extent that counsel take the position that the Court can appoint independent counsel for the defendant without regard to her financial eligibility, the Court requests that the parties present further support for that position.

SO ORDERED
June 25, 2020

_____
GREGORY H. WOODS
United States District Judge