

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 7, 2020

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Natalie Mayflower Sours Edwards*,
             19 Cr. 64 (GHW)

Dear Judge Woods:

      The Government respectfully writes in the above-captioned matter to provide the Court with an update with respect to the defendant's present redactions to the three submissions made by the defendant directly to the Court. As set forth below, the Government requests that at least one category of information provided to the Court, but currently redacted by the defendant from the Government's view, be promptly released to the Government.

      As discussed with the Court at last week's status conference, the defendant has redacted two categories of information from the copy of her submissions provided to the Government: (1) communications potentially subject to the attorney-client privilege or corresponding work product production, and (2) information, including but not limited to names, concerning alleged whistleblowers involved in or related to the conduct at issue in this case.[1] The Government understands that the submissions provided to the Court are not so redacted.

---

[1] The defendant also appears to have redacted her home address and/or other personal contact information, which is unnecessary since the Government already has this information and, in any event, it would be redacted from any public filing pursuant to Federal Rule of Criminal Procedure 49.1. This letter only discusses what items, if any, should be redacted in the copies provided to the Government. While both the First Amendment and common law rights of access to judicial documents, and this Court's individual rules, require that the defendant's submissions be publicly docketed, information not redacted in the copies provided to the Government may properly be redacted from such public filing, pursuant to Rule 49.1, the SDNY ECF Rules and Instructions, and the SDNY ECF Privacy Policy. As stated at last week's conference, the Government proposes that the parties confer regarding what redactions, if any, should be made to the publicly filed versions of the defendant's submissions, after the issue of what redactions, if any, should remain in the versions provided to the Government is resolved.

Honorable Gregory H. Woods
United States District Judge
July 7, 2020
Page 2

With respect to the first category, while the Government believes that the Court could find that any privilege or corresponding work product protection was waived by the provision of such communications to the Court, given the potential ramifications of such a waiver, the Government has no objection these communications remaining redacted pending the defendant conferring with independent counsel (assuming she qualifies for the appointment of such counsel or retains such counsel) regarding whether she wishes formally to waive privilege or to ask the Court not to consider such communications. The defendant may not, however, both decline to waive privilege and, at the same time, ask the Court to consider these communications. The Government is unaware of any authority permitting an *ex parte* submission, whether in whole or in part, by a defendant in connection with sentencing.

With respect to the second category, the Court should order that the defendant promptly un-redact this information, which does not appear separable from the assertions she makes in her submissions. The defendant has not offered any legal basis for such redaction, and the Government is unaware of any. While it perhaps may remain redacted in a public filing (an issue that the Court need not decide at present), it would be improper for factual assertions or arguments submitted by the defendant in connection with sentencing to be withheld from the Government. Indeed, except in limited circumstances and where otherwise permitted, in a criminal proceeding, "due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other." *United States v. Abuhamra*, 389 F.3d 309, 322 (2d Cir. 2004); *see also, e.g.*, *United States v. Dwyer*, No. 15 Cr. 385 (AJN), 2016 WL 2903271, at *2 (S.D.N.Y. May 18, 2016) (denying defendant's request to submit sentencing letter to court without providing a copy to government). A contrary approach would fail to provide the Court with the full picture of relevant facts and circumstances—and thus what it needs to impose a fair sentence.

The Government has sought to confer with the defense regarding the foregoing matters. However, defense counsel has informed the Government that the defendant wishes to discuss the redactions issue with independent counsel before providing her position.

    Respectfully submitted,

    AUDREY STRAUSS
    Acting United States Attorney

By:    s/ Daniel C. Richenthal
    Kimberly J. Ravener
    Daniel C. Richenthal
    Assistant United States Attorneys
    (212) 637-2358/2109

cc:    (by ECF)

    Counsel of Record