U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 9, 2020

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Natalie Mayflower Sours Edwards*,
              19 Cr. 64 (GHW)

Dear Judge Woods:

      The Government respectfully writes in the above-captioned matter to advise the Court of a recent filing made by the defendant in an administrative proceeding in which, among other things, she materially misrepresents events in this matter and this Court's recent actions.

      As described in part in the Presentence Investigation Report (at ¶ 26), despite being suspended following her arrest, and then resigning following her guilty plea, the defendant is claiming in an administrative proceeding, in which she is *pro se*, that she was suspended and then terminated or forced to resign by FinCEN in retaliation for purported whistleblowing. Following this morning's conference, the Government learned that, earlier this week, on Monday, July 6, the defendant filed the enclosed document, dated July 7, in that proceeding. (Exhibit A.) Among other things, the defendant asserts, under penalty of perjury:

> The Federal Judge in the criminal trial held a conference on June 29, 2020 and assigned an independent counsel to the defendant/appellant and requested the independent counsel review the case. The Federal Judge found merit and significant concerns in the "letter and substantial documentation" the whistleblower defendant/appellant provided to the court concerning violation of fifth amendment, conflict of interests pertaining to the prosecution/counsel, coercion of the plea deal, criminal referral submitted against agency IG, the letter defendant sent to Attorney General Sessions and Special Counsel Mueller, etc., all elements withheld from the Federal court by both the prosecution and defense counsel.

(Ex. A at 3-4 (PDF pages 6-7).)

Honorable Gregory H. Woods
United States District Judge
July 9, 2020
Page 2

As the Court is aware, these statements are false. The Court did not find "merit" in the defendant's recent submissions to this Court, much less determine that she had a basis in fact for allegations "concerning violation of [the] [F]ifth [A]mendment" or "coercion" or any other purported violation or purported misconduct in this case, even assuming *arguendo* that the defendant's submissions may be read to contain such allegations. Nor did the Court "assign[] an independent counsel" to "review the case."

Rather, the Court appointed Criminal Justice Act counsel (which did not occur on June 29, as the defendant states, but was discussed then and occurred earlier today) because the defendant had sent directly to the Court three documents, certain of which contained communications that appeared otherwise to be protected by the attorney-client privilege or corresponding work product protection, and her current retained counsel, without objection from the Government, accordingly asked the Court to appoint counsel for the defendant, independent from current retained counsel, "for the limited purpose of conferring with [her] about her submission and any issues she has regarding her relationship with current counsel." (Dkt. No. 51.) The Court did not opine on these communications, or the defendant's submission more generally, or any allegations concerning her criminal conduct or this case. In short, contrary to the defendant's statements in the administrative proceeding, the Court did not "f[in]d merit" in any allegations, and the Court appointed counsel to confer with the defendant for a limited purpose in light of her transmission of potentially privileged material to the Court.

The defendant's misrepresentations reflect a troubling pattern of conduct, which the Government expects to address more fully in connection with sentencing.

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney

By:    s/ Daniel C. Richenthal
        Kimberly J. Ravener
        Daniel C. Richenthal
        Assistant United States Attorneys
        (212) 637-2358/2109

Enclosure

cc:    (by ECF)

    Counsel of Record

NATALIE EDWARDS v. DEPARTMENT OF THE TREASURY
Docket # DC-1221-20-0480-W-1
IRA PLEADING APPEAL
Summary Page

**Case Title :** NATALIE EDWARDS v. DEPARTMENT OF THE TREASURY

**Docket Number :** DC-1221-20-0480-W-1

**Pleading Title :** IRA PLEADING APPEAL

**Filer's Name :** Natalie Edwards

**Filer's Pleading Role :** Appellant

**Details about the supporting documentation**

N/A

# Table of Contents

Pleading Interview ........................................................................................................... 3
Uploaded Pleading Text Document ............................................................................... 4
    UNITED STATES OF AMERICA ............................................................................. 4
    MERIT SYSTEMS PROTECTION BOARD .............................................................. 4
    IRA PLEADING APPEAL ........................................................................................... 4
Certificate of Service ...................................................................................................... 8

NATALIE EDWARDS v. DEPARTMENT OF THE TREASURY
Docket # DC-1221-20-0480-W-1
IRA PLEADING APPEAL
Online Interview

1. Would you like to enter the text online or upload a file containing the pleading?

See attached pleading text document

2. Does your pleading assert facts that you know from your personal knowledge?

Yes

3. Do you declare, under penalty of perjury, that the facts stated in this pleading are true and correct?

Yes

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| NATALIE EDWARDS, | DOCKET NUMBER |
| Appellant, | DC-1221-20-0480-W-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: July 7, 2020 |
| Agency. | |

## IRA PLEADING APPEAL

On May 28, 2020, the appellant submitted a document titled WPEA IRA Appeal Order Addition. On June 1, 2020, the agency submitted an Emergency Motion to Strike, arguing that the document contained law enforcement sensitive information. On July 2, 2020, the Agency's Motion to Strike was GRANTED. The appellant was provided the opportunity to submit an opposition to the agency's Motion to Strike, and/or provide a redacted version of the WPEA IRA Appeal Order Addition. *Id*. The pro se appellant inadvertently submitted four responses to the Order due to technical difficulties for which the appellant submitted a help ticket and the appellant did submit a fully redacted version of the pleading filled with Appellant's V Amendment Violated at Tab 5.

The agency stated the appellant had been barred from accessing these documents and FinCEN systems since she was placed on administrative leave in October, 2018. *Id.* at 8-9, 19. The agency was not being transparent in this statement, while the appellant was barred from accessing FinCEN systems after October, 2018, the appellant was not barred from accessing these specific documents.

In the appellants "official capacity" as a government employee from 2015-Jan 2020 and as a whistleblower from 2015 to current, the specific documents were used during the Congressional Request Inquires & Letters from 2015-2018, the Office of

Special Counsel's investigations from 2017-2020 and the appellants legal access to the exculpatory material from 2018 to current per 31 C.F.R. § 103 "official disclosures responsive to a request from an appropriate Congressional committee or subcommittees; and prosecutorial disclosures mandated by statute or the Constitution, in connection with the statement of a government witness to be called at trial, the impeachment of a government witness, or as material exculpatory of a criminal defendant.[1]

As a government employee I could disclose any information in a SAR (including information in supporting documentation) to anyone, up to and including the person who is the subject of the SAR, so long as the disclosure was "necessary to fulfill the official duties of such officer or employee"[2] which I did as a whistleblower and as an employee; however, once I medically resigned, 31 C.F.R. § 103 provided the legal exculpatory material as a whistleblower, administrative appellate and criminal defendant to disclose the information in court proceedings.  Furthermore, the appellant was adhering to the courts upholding that disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters. *Linder v. Department of Justice*, 122 M.S.P.R. 14, 14 (2014); *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, 10 (1999); *Padilla v. Department of the Air Force*, 55 M.S.P.R. 540, 543– 44 (1992).

Finally, with regards to 5 C.F.R. § 1201.55(a) which requires a party who files a procedural motion to notify the other party to determine whether there is an objection to the motion, the appellant agrees the emergency to strike notification in the e-Appeal Online system due to the exigency of the circumstances, but the agency's notification to the **Department's Inspector General** was the violation of the appellants due process (Fifth Amendment).  Specifically, the agency stated:

---

[1] *See, e.g., Giglio* v. *United States,* 405 U.S. 150,153–54 (1972); *Brady* v. *State of Maryland,* 373 U.S. 83, 86–87 (1963); *Jencks* v. *United States,* 353 U.S. 657, 668 1957).
[2] 31 U.S.C. § 5318(g)(2)(A)(ii)

> "The Agency has notified the *Treasury Department's Office of Inspector General* of the Appellant's unauthorized possession and disclosure of the material at issue in this motion".

The agency has argued throughout the appellant no longer is an employee of the agency, the pro se appellant agrees. The agency Inspector General should not have been notified of the administrative proceedings of the court because the appellant is not an employee of the agency. There is no statue or policy that gives the agency the right to notify the agency IG of the "procedural motion" prior "to notify the other party". Regulation 5 C.F.R. § 1201.55(a) does not state "notify Inspector General" rather it does state "to notify the other party". The pro se appellant argues notifying the Inspector General prior to "the other party" is a violation of the pro se appellants fifth amendment.

The IRA process to the appellants knowledge is confidential and not accessible to the public. The e-Appeal Online system has the warning "Unauthorized use of the MSPB e-Appeal Online system is subject to criminal prosecution under applicable Federal law" and with this banner the appellants assumption is any information submitted pertaining to the appellants IRA case is confidential pending final ruling. The appellant's Fifth Amendment rights were violated as the agency/agency IG notified the appellants criminal prosecutors of the disclosures in the IRA case. As explained above, the disclosures are permissible per 31 C.F.R. § 103. Due to the agency/agency IG notification to the government prosecutors, the prosecution requested increased sentencing in the sentencing report for the appellant/defendant thus violating the defendants fifth amendment in the criminal proceeding.

The IRA administrative process became a retaliatory mechanism for the appellant by the agency/agency IG. The Federal Judge in the criminal trial held a conference on June 29, 2020 and assigned an independent counsel to the defendant/appellant and requested the independent counsel review the case. The Federal Judge found merit and significant concerns in the "letter and substantial documentation" the whistleblower defendant/appellant provided to the court

concerning violation of fifth amendment, conflict of interests pertaining to the prosecution/counsel, coercion of the plea deal, criminal referral submitted against agency IG, the letter defendant sent to Attorney General Sessions and Special Counsel Mueller, etc., all elements withheld from the Federal court by both the prosecution and defense counsel.

While the Motion to Strike was granted, the pro se appellant did submit a fully redacted version of the pleading filled with Appellant's V Amendment Violated at Tab 5 on June 13, 2020 and would like the court to reconsider reviewing the pleading at Tab 5. The appellant understands the agency will argue this submission is pass the date the court established for submission.

The pro se appellant has read the MSPB guidelines when an appeal is refiled late, the standard good cause considerations that apply to a late-filed initial appeal are modified when determining whether to accept the late refiling. See *Gaddy v. Department of the Navy*, 100 M.S.P.R. 485, ¶ 13 (2005), stating that the Board has identified the following factors as supporting a finding of good cause for waiving the refiling deadline: the appellant's pro se status, timely filing of the initial appeal, intent throughout the proceedings to file an appeal, minimal delay in refiling, and any confusion. The pro se appellant did explain technical difficulties

The pro se appellant did include with regards to placement on 14-suspension within one month and indefinite suspension within two and a half months neither my security clearance nor hardship on the Agency were feasible justifications summarized by Director Blanco who knew my status as a whistleblower.

I, Dr. Natalie Mayflower Sours Edwards, do hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 7, 2020

/S/
BY:  Dr. Natalie Edwards
     Pro Se Appellant

# Certificate Of Service

e-Appeal has handled service of the assembled pleading to MSPB and all of the Parties. Following is the list of the Parties in the case:

| Name & Address | Documents | Method of Service |
| --- | --- | --- |
| MSPB: Washington Regional Office | IRA PLEADING APPEAL | e-Appeal / e-Mail |
| Magdalena Albornoz Boynton<br>Agency Representative | IRA PLEADING APPEAL | e-Appeal / e-Mail |
| John Theodore Hammer<br>Agency Representative | IRA PLEADING APPEAL | e-Appeal / e-Mail |
| Phillip John Dickerson<br>Agency Representative | IRA PLEADING APPEAL | e-Appeal / e-Mail |