USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/21/2020__

**From:** Matthew R. Lee <matthew.lee@innercitypress.com>
**Sent:** Tuesday, July 21, 2020 5:49 PM
**To:** Woods NYSD Chambers <WoodsNYSDChambers@nysd.uscourts.gov>
**Cc:** daniel.richenthal@usdoj.gov; carvlin@hotmail.com
**Subject:** Re: Press Access to correspondencesubmitted by defendant in US v. Edwards, 19-cr-64 (GHW)

July 21, 2020

By E-mail to WoodsNYSDChambers@nysd.uscourts.gov

Hon. Gregory H. Woods, United States District Judge
Southern District of New York, 500 Pearl Street New York, NY 10007

Re: Press Access to correspondence submitted by defendant in US v. Edwards, 19-cr-64 (GHW)

Dear Judge Woods:

  This concerns, in the above-captioned criminal case, the filings by defendant alluded to on the July 21, 2020 conference call, which I covered throughout, for Inner City Press. This is a request for access to all filings, if necessary minus the specific portions found to be classified, including but not limited to all submission that precipitated the July 21 and prior conference.

   As the Court is aware, the public and the press have a presumptive First Amendment and common law right of access to criminal proceedings and records. See Press Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984). The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986)

Non-parties such as Inner City Press and myself have standing to intervene in criminal proceedings to assert the public's right of access. United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008).  Here, the sealing(s) and withholding here are unacceptable, and go beyond those requested even in the CIA trial before Judge Crotty, *US v. Schulte*, 17 Cr. 548.

   In that case, Inner City Press vindicated the public's right to know, in the docket, *see* https://twitter.com/big_cases/status/1232758559408087041 and https://www.usatoday.com/documents/6786787-Docket-Annotation

   Inner City Press recently got even more sensitive filings unsealed in a North Korea sanctions case before Judge Castel, US v. Griffith, 20-cr-15 (PKC), Docket No. 33

(LETTER by EMAIL as to Virgil Griffith addressed to Judge P. Kevin Castel from Matthew Russell Lee, Inner City Press, dated 5/18/2020, re: Press Access to documents in US v. Griffith, 20-cr-15), 40 (order to unseal) and 41 unsealed filings). *See also* Inner City Press' May 9, 2020, filing to this Court for openness in *US v. Randall*, 19-cr-131,  No. 343.

  The U.S. Supreme Court has recognized that reporting by the news media allows members of the public to monitor the criminal justice system without attending proceedings in person. *Richmond Newspapers, Inc. v Virginia*, 448 U.S. at 572-73  (1980). By attending and reporting on court proceedings, members of the press "function[] as surrogates for the public." *Id*. at 573.  Inner City Press has covered this case from www.youtube.com/watch?v=ezcaQ45LhUw through http://www.innercitypress.com/sdny6edwardsfincen062720.html

Respectfully, we disagree that the public interest in this case and these documents is "small," and that documents that trigger a Federal criminal case conference are not judicial documents. The better practice is to release these documents, if necessary with redactions of classified information. We ask that your Chambers confirm receipt, and that this request be docketed as in the cases above.

We ask that this request be addressed by Your Honor as quickly as possible, and the documents be provided.

Respectfully submitted,


Matthew Russell Lee, Inner City Press