USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   8/5/2020

From: Matthew R. Lee <matthew.lee@innercitypress.com>
Sent: Tuesday, August 4, 2020 10:00 PM
To: Woods NYSD Chambers <WoodsNYSDChambers@nysd.uscourts.gov>
Cc: carvlin@hotmail.com; daniel.richenthal@usdoj.gov
Subject: Re: Press Access to correspondence submitted by defendant in US v. Edwards,19-cr-64
(GHW) - Timely reply in support of the application

August 4, 2020
By E-mail to WoodsNYSDChambers@nysd.uscourts.gov
Hon. Gregory H. Woods, United States District Judge
Southern District of New York, 500 Pearl Street New York, NY 10007

Re: Press Access to correspondence submitted by defendant in US v. Edwards, 19-cr-64 (GHW)
- Timely reply in support of application
Dear Judge Woods:
   I write pursuant to your July 22, 2020 order and in further support of the July 21 application
for press and public access to submissions to this Court by defendant Natalie Mayflower Sours
Edwards, that triggered a judicial conference. They are judicial documents, contrary to the July
30 opposition submitted by Edwards' counsel.
   Given that Edwards' submissions triggered judicial action - a conference - they are even more
judicial document than, for example, the documents submitted in support of a motion to compel
discovery in Alexander Interactive, Inc. v. Adorama, Inc., 12-cv-6608 (Castel / Francis), 2014
WL 4346174,at *2 (S.D.N.Y. Sept. 2, 2014) (they "presumably will be necessary to or helpful in
resolving that motion. They are, therefore, judicial documents.)
   See also, In re Omnicom Grp., 2006 WL 3016311 at *2. (a "series of letter briefs with
accompanying exhibits…certainly qualify as judicial documents"); Schiller v. City of N.Y., No.
04 CIV. 7921(KMK) 2006 WL 2788256, at *1 (S.D.N.Y. Sept. 27, 2006)(briefs and supporting
papers submitted in connection with a dispute over the confidentiality of discovery materials
were "created by or at the behest of counsel and presented to a court in order to sway a judicial
decision" and were therefore "judicial documents that trigger the presumption of public access").
   Here, defendant Edwards who has pleaded guilty made submissions to this court triggering a
conference. They were not scheduling communications - no conference had been announced. In
any event, the Second Circuit has observed that a document is a judicial document "not only if
the judge actually relied upon it, but also if 'the judge should have considered or relied upon [it],
but did not." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 140 n.3
(2d Cir. 2016) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).
   This Court in Docket No. 48 stated that "Earlier today, the Court received an ex parte
submission from the defendant via email. The Court wishes to schedule a conference to discuss
the issues raised by that submission."  That was the Court acting on, and considering, the
document.
The Court continued: "To the extent that the submission contains information of a sensitive or
classified nature, the information should be shared with defense counsel in a manner that
complies with applicable law and regulation." The proper approach here may be partial
redaction, not withdrawal in full. That would be a terrible precedent.
   The Court clearly considered and assessed the documents: "The Court's preliminary assessment
of the submission suggests that the Court should share a substantial portion of the submission

with both parties and their counsel in order to permit the Court and the parties to evaluate and fully address the issues raised." The goal was for the Court to fully address the issues in the documents. They are judicial documents.

In fact, Assistant US Attorney Richenthal on July 7, 2020 wrote into the docket to "request[] that at least one category of information provided to the Court, but currently redacted by the defendant from the Government's view, be promptly released to the Government... information, including but not limited to names, concerning alleged whistleblowers involved in or related to the conduct at issue in this case. The Government understands that the submissions provided to the Court are not so redacted." It is imperative that these documents, on which the Court held conference(s) and seeks or sought to fully address, be released.

At least at that time, the US Attorney's Office / DOJ appeared to foresee appropriate docketing of the documents. AUSA Richenthal notes that some information "would be redacted from any public filing pursuant to Federal Rule of Criminal Procedure 49.1.

The US Attorney's Office / DOJ stated in that letter, "[w]hile both the First Amendment and common law rights of access to judicial documents, and this Court's individual rules, require that the defendant's submissions be publicly docketed" (emphasis added). It was true that, and it remains true now, even if the US Attorney's Office / DOJ is for some reason no longer arguing for it, as least as of this writing.

Inner City Press and I agree with that previous US Attorney's Office letter "that the Court could find that any privilege or corresponding work product protection was waived by the provision of such communications to the Court, given the potential ramifications of such a waiver. Likewise, we are "unaware of any authority permitting an ex parte submission, whether in whole or in part, by a defendant in connection with sentencing." Nor has Edwards' counsel, formally given the opportunity, provided any such authority.

See also, e.g., United States v. Dwyer, 15-cr-385-2 (Nathan), 2016 WL 2903271, at *2 (S.D.N.Y. May 18, 2016) (denying defendant's request to submit sentencing letter to court without providing a copy to government). The US Attorney's Office argued in this case, "a] contrary approach would fail to provide the Court with the full picture of relevant facts and circumstances—and thus what it needs to impose a fair sentence." This also applies to the impacted and interested public.

Counsel for Edwards appears to misunderstand the purpose for which Judge Engelmayer's actions in Randall were cited - even granting the danger faced by a police witness, after Inner City Press' application the possibility of press and public review was provided, albeit in a separate courtroom in 40 Foley Square. In Griffith, the counsel for the defendant (who had not pleaded guilty) quickly reversed his request to withhold or seal documents.

In this case it is not even a matter of sealing or redaction - the attempt is to withdraw the documents as if there were never part of the case. This would be a terrible precedent, in terms of press access and transparency; it is unacceptable. If some limited redactions are needed to protect national security or other information subject to withholding, that is perhaps acceptable. Counsel's argument that the public has no interest in this portion of this high profile political whistleblower / leaker case should be rejected. Oral argument or presentation may be beneficial on these issues - either telephonically or in person, as I have been covering this case from the SDNY Press Room throughout.

For the reasons stated, the documents should be made part of the record and be made available to the press and public.

Respectfully submitted,

Matthew Russell Lee, Inner City Press

# Inner City Press

August 4, 2020

By E-mail to WoodsNYSDChambers@nysd.uscourts.gov

Hon. Gregory H. Woods, United States District Judge
Southern District of New York, 500 Pearl Street New York, NY 10007

Re: Press Access to correspondence submitted by defendant in US v. Edwards, 19-cr-64 (GHW)

Dear Judge Woods:

  I write pursuant to your July 22, 2020 order and in further support of the July 21 application for press and public access to submissions to this Court by defendant Natalie Mayflower Sours Edwards, that triggered a judicial conference. They are judicial documents, contrary to the July 30 opposition submitted by Edwards' counsel.

  Given that Edwards' submissions triggered judicial action - a conference - they are even more judicial document than, for example, the documents submitted in support of a motion to compel discovery in *Alexander Interactive, Inc. v. Adorama, Inc.,* 12-cv-6608 (Castel / Francis), 2014 WL 4346174,at *2 (S.D.N.Y. Sept. 2, 2014) (they "presumably will be necessary to or helpful in resolving that motion. They are, therefore, judicial documents.)

  See also, *In re Omnicom Grp*., 2006 WL 3016311 at *2. (a "series of letter briefs with accompanying exhibits…certainly qualify as judicial documents"); *Schiller v. City of N.Y*., No. 04 CIV. 7921(KMK) 2006 WL 2788256, at *1 (S.D.N.Y. Sept. 27, 2006)(briefs and supporting papers submitted in connection with a dispute over the confidentiality of discovery materials were "created by or at the behest of counsel and presented to a court in order to sway a judicial decision" and were therefore "judicial documents that trigger the presumption of public access").

  Here, defendant Edwards who has pleaded guilty made submissions to this court triggering a conference. They were not scheduling communications - no conference had been announced. In any event, the Second Circuit has observed that a document is a judicial document "not only if the judge actually relied upon it, but also if 'the judge should have considered or relied upon [it], but did not." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* 814 F.3d 132, 140 n.3 (2d Cir.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

2016) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

  This Court in Docket No. 48 stated that "Earlier today, the Court received an ex parte submission from the defendant via email. The Court wishes to schedule a conference to discuss the issues raised by that submission."  That was the Court acting on, and considering, the document.

The Court continued: "To the extent that the submission contains information of a sensitive or classified nature, the information should be shared with defense counsel in a manner that complies with applicable law and regulation." The proper approach here may be partial redaction, not withdrawal in full. That would be a terrible precedent.

  The Court clearly considered and assessed the documents: "The Court's preliminary assessment of the submission suggests that the Court should share a substantial portion of the submission with both parties and their counsel in order to permit the Court and the parties to evaluate and fully address the issues raised." The goal was for the Court to fully address the issues in the documents. They are judicial documents.

  In fact, Assistant US Attorney Richenthal on July 7, 2020 wrote into the docket to "request[] that at least one category of information provided to the Court, but currently redacted by the defendant from the Government's view, be promptly released to the Government... information, including but not limited to names, concerning alleged whistleblowers involved in or related to the conduct at issue in this case. The Government understands that the submissions provided to the Court are not so redacted." It is imperative that these documents, on which the Court held conference(s) and seeks or sought to fully address, be released.

  At least at that time, the US Attorney's Office / DOJ appeared to foresee appropriate docketing of the documents. AUSA Richenthal notes that some information "would be redacted from any public filing pursuant to Federal Rule of Criminal Procedure 49.1.

  The US Attorney's Office / DOJ stated in that letter, "[w]hile both the First Amendment and common law rights of access to judicial documents, and this Court's individual rules, **require** that the defendant's submissions be publicly docketed" (emphasis added). It was true that, and it remains true now, even if the

US Attorney's Office / DOJ is for some reason no longer arguing for it, as least as of this writing.

   Inner City Press and I agree with that previous US Attorney's Office letter "that the Court could find that any privilege or corresponding work product protection was waived by the provision of such communications to the Court, given the potential ramifications of such a waiver. Likewise, we are "unaware of any authority permitting an ex parte submission, whether in whole or in part, by a defendant in connection with sentencing." Nor has Edwards' counsel, formally given the opportunity, provided any such authority.

   See also, e.g., *United States v. Dwyer*, 15-cr-385-2 (Nathan), 2016 WL 2903271, at *2 (S.D.N.Y. May 18, 2016) (denying defendant's request to submit sentencing letter to court without providing a copy to government). The US Attorney's Office argued in this case, "a] contrary approach would fail to provide the Court with the full picture of relevant facts and circumstances—and thus what it needs to impose a fair sentence." This also applies to the impacted and interested public.

   Counsel for Edwards appears to misunderstand the purpose for which Judge Engelmayer's actions in Randall were cited - even granting the danger faced by a police witness, after Inner City Press' application the possibility of press and public review was provided, albeit in a separate courtroom in 40 Foley Square. In Griffith, the counsel for the defendant (who had not pleaded guilty) quickly reversed his request to withhold or seal documents.

   In this case it is not even a matter of sealing or redaction - the attempt is to withdraw the documents as if there were never part of the case. This would be a terrible precedent, in terms of press access and transparency; it is unacceptable. If some limited redactions are needed to protect national security or other information subject to withholding, that is perhaps acceptable. Counsel's argument that the public has no interest in this portion of this high profile political whistleblower / leaker case should be rejected. Oral argument or presentation may be beneficial on these issues - either telephonically or in person, as I have been covering this case from the SDNY Press Room throughout.

   For the reasons stated, the documents should be made part of the record and be made available to the press and public.

 Respectfully submitted,

Matthew Russell Lee, Inner City Press