# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD
# WASHINGTON REGIONAL OFFICE

NATALIE EDWARDS,

     Appellant,

   v.

DEPARTMENT OF THE TREASURY,

     Agency.

DOCKET NUMBER
DC-1221-20-0480-W-1

DATE: July 17, 2020

Natalie Edwards, Quinton, Virginia, pro se.

John Theodore Hammer, Magdalena Albornoz Boynton, and Phillip John Dickerson, Vienna, Virginia, for the agency.

**BEFORE**
Andrew M. Dunnaville
Administrative Judge

## INITIAL DECISION

On March 24, 2020, the appellant filed the above-captioned individual right of action (IRA) appeal with the Merit Systems Protection Board, alleging whistleblower retaliation. Appeal File (AF), Tab 1. The appellant requested a hearing. *Id.* For the following reasons, the appeal is DISMISSED for lack of jurisdiction. Because the jurisdictional dispute can be resolved based on the written record, the appellant's request for a hearing is DENIED.

## BACKGROUND

The appellant previously worked as a Program Specialist, GS-0301-15 at the Financial Crimes Enforcement Network (FINCEN), Intelligence Division in Vienna. Virginia.  Appeal File (AF), Tab 7.  On October 16, 2018, the appellant was arrested by Federal law enforcement agents and charged with two counts of criminal conduct: the unauthorized disclosure of sensitive government information – Suspicious Activity Reports (SARs) and conspiracy to make the unauthorized disclosures of the SARs available to a reporter.  *Id.*  On October 18, 2018, the agency suspended the appellant's access to classified information.  AF, Tab 1 at 9.   On November 16, 2018, the agency proposed the appellant's suspension without pay.  *Id.* at 11 - 12.  On February 22, 2019, the agency suspended the appellant for an indefinite period of time for her failure to maintain continued eligibility for access to classified information and maintenance of her security clearance.  AF, Tab 7 at 64.

The appellant stated that she filed a complaint of whistleblower retaliation with the Office of Special Counsel (OSC) on June 24, 2019.[1]  *See* AF, Tab 1 at 19 – 21.   The appellant alleged that the suspension of her security clearance, proposed indefinite suspension, and indefinite suspension were in retaliation for her protected whistleblower activity and protected disclosures.  *Id.* at 22.

On January 13, 2020, the appellant pled guilty in the United States District Court for the Southern District of New York to one count of conspiracy to make unauthorized disclosures of SARs, in violation of 18 U.S.C. § 371.  AF, Tab 7 at 7.

On January 28, 2020, OSC terminated its inquiry into the appellant's allegations of whistleblower retaliation.  AF, Tab 1 at 22.  The appellant filed the

---

[1] As discussed below, I was unable to determine the exact date of the OSC complaint at issue in this proceeding.  However, the appellant stated on multiple occasions that the complaint was filed on June 24, 2019.  *See* AF, Tab 5 at 6, 44.

above-captioned individual right of action (IRA) appeal on March 24, 2020. Because it appeared as if the Board lacked jurisdiction over the appeal, on April 2, 2020, I issued a Jurisdiction Order, ordering the appellant to provide evidence and argument on jurisdiction.   AF, Tab 3.   The parties responded to the Jurisdiction Order on April 10, 2020 and April 22, 2020.  AF, Tabs 5, 7, 8.

On May 13, 2020, I held a telephonic status conference in this proceeding. AF, Tab 13.   During the status conference, I told the appellant that after reviewing her response to the Jurisdiction Order, I was unable to determine what issues had been raised with the OSC in this proceeding, what her disclosures were, and what the precise nature of the appellant's claims were.  *Id.*   The appellant was allowed the opportunity to submit additional evidence and argument on the issue of exhaustion, and to produce a detailed list of what her disclosures were.  *Id.*

In response to the status conference, the appellant submitted a document which contained law enforcement sensitive and PII information.   AF, Tab 14. The agency filed a motion to strike, which was granted.   AF, Tab 17.   The appellant submitted several other responses on the issue of jurisdiction, all of which have been considered.  *See* AF, Tabs 20-23, 28-29.

After reviewing the entire record in this proceeding, I find the appeal must be dismissed because the appellant failed to prove exhaustion of her administrative remedies, and failed to make a non-frivolous allegation of Board jurisdiction.

## ANALYSIS AND FINDINGS

The Board's jurisdiction is not plenary, but is limited to those matters over which it has been granted  she jurisdiction by statute or regulation.  *See Weber v. Department of the Army*, 45 M.S.P.R. 406, 409 (1990).  The Board therefore

does not have jurisdiction over all actions that are alleged to be incorrect.  *See Weyman v. Department of Justice*, 58 M.S.P.R. 509, 512 (1993).

To establish Board jurisdiction over an individual right of action (IRA) appeal, an appellant must first prove by a preponderance[2] of the evidence that she exhausted her administrative remedies before OSC and make nonfrivolous allegations that:  (1) she engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016); *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶¶ 9-10 (2014) (citing *Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 5 (2012)).  Once an appellant establishes jurisdiction over the IRA appeal, she is entitled to a hearing on the merits of her claims.  *Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 5 (2014).

A. *The appellant has failed to prove she exhausted her administrative remedies before OSC.*

An appellant may demonstrate exhaustion through her initial OSC complaint, evidence that she amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations.  *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, 140 (2011).  The appellant must prove by preponderant evidence, rather than merely nonfrivolously allege, exhaustion.  *See Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 20 (2002).

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

To satisfy the exhaustion requirement in an IRA appeal, an appellant must inform OSC of the precise ground of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation which might lead to corrective action. *See Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992).

In this case, the appellant attached a letter, dated January 28, 2020, which stated that OSC terminated its inquiry into Case No. MA-20-0406.  AF, Tab 1 at 22.  While the appellant has proven that OSC terminated its inquiry into Case No. MA-20-0406, she failed to show what issues were investigated in Case No. MA-20-0406.

The appellant filed multiple OSC complaints, and made multiple allegations of protected activity.  The appellant's appeal and pleadings merged the issues from the OSC complaints, and the appellant failed to precisely address what claims were investigated in Case No. MA-20-0406.  For example, in her appeal, the appellant initially stated she filed her complaint with OSC on June 24, 2019.  AF, Tab 1 at 5.  A copy of a June 24, 2019 addressed to Henry Kerner, Special Counsel, was attached.  *Id.* at 19.

The June 24, 2019 letter contained vague references to alleged purported whistleblowing activity which occurred over the past 4 years.  The letter stated as follows:

> As a Whistleblower, I "blew the whistle" on wrongdoing and corruption within the Treasury Department, the OSC, the Federal Bureau of Investigation (FBI), the Justice Department, and the Intelligence Community. I was acting on the advice of retained counsel, Treasury General Counsel, Department of Justice Counsel, U.S. Office of Special Counsel, Treasury Inspector General Chief Counsel, Congressional Counsel, Congressional Letters, LaFollette Act of 1912 ("the right of employees ... to furnish information to either House of Congress, or to a committee or Member thereof, may not be interfered with or denied." 5 U.S.C. § 7211), Executive Order 12674, and the Whistleblower Protection Act.
>
> I brought forward "reasonable grounds" and disclosed documented evidence of wrongdoing; violation of laws, rules, and regulations;

gross mismanagement; gross waste of funds; abuse of authority; and substantial and specific danger to public safety as American lives were loss. Wrongdoing pertaining to Treasury knowingly not adhering to E.O. 12333 enabling them to "illegally" collect US Person's data; Treasury's use of "throw away" google accounts to communicate with Russia; Treasury not providing Congress all documents relevant to "2016 Election" Congressional Letters; Iranian payment mechanism; Clinton Foundation, Uranium One (CFIUS), Benghazi; Panama Papers; Iran Deal; Russian Collusion; Manafort, to name a few. I was directed, in writing by Treasury, that I could not speak to Congress. However, as a United States citizen, Whistleblower, and Patriot I know I have the right to speak to Congress per the Lloyd-La Follette Act.

AF, Tab 5 at 20.

In addition to the June 24, 2019, letter, the appellant referenced prior OSC complaints, and numerous claims and personnel actions in her appeal. *Id.* at 6. For example, the appellant stated in her appeal that her attorneys "provided a supplemental certified letter in March 2018 and requested OSC consider backpay as a corrective action under 5 U.S.C. § 1214(b)(4)(g)(2)." *Id.* The appellant also included in her appeal a Designation of Personal Legal Representative for OSC Case MA-17-3685, which was submitted on April 4, 2019. *Id.* at 18.

Due in part to the multiple allegations and lack of specificity, in the April 2, 2020 Jurisdiction Order, I ordered the appellant to provide the date of her complaint to OSC, the matters she raised in it, and any amendments. *See* AF, Tab 3 at 7.

In her response to the Jurisdiction Order, the appellant failed to clarify the issue. The appellant stated the date of her complaint to OSC was June 24, 2019, and referenced the June 24, 2019 letter to Special Counsel Kerner. AF, Tab 5 at 6, 44. However, the appellant also stated that she filed her formal complaint with OSC in March 2019. *Id.* at 7, 45. In addition, the appellant's response contained information from OSC Case MA-17-3685, which was filed on October 26, 2017. AF, Tab 5 at 15, 21.

The appellant's written response to the Jurisdiction Order also referenced issues from earlier cases.  The appellant stated she "verbally declared whistleblower status in late 2015/early 2016," contacting members of Congress and the OIG.  AF, Tab 5 at 10.  The appellant stated she met with Congress in September, 2016, filed a formal whistleblower complaint in March, 2017, and filed a retaliation complaint with OSC in May, 2017.  *Id.*

After reviewing the appellant's response, to the Jurisdiction Order, I initiated a telephonic status conference to discuss jurisdiction.  AF, Tab 13.  During the status conference, I told the appellant that I was unable to determine what issues had been raised with the OSC for purposes of the above-captioned proceeding.  *Id.*  at  2.  The appellant was provided another opportunity to prove exhaustion.  *Id.* at 3.

In response to the status conference, the appellant submitted a document which contained law enforcement sensitive information and PII.  AF, Tab 14.  The agency filed a motion to strike, which was granted.  AF, Tab 17.  The appellant then submitted several other responses which discussed jurisdiction, all of which have been considered.  *See* AF, Tabs 20-23, 28-29.  None of the documents clarified the issue of exhaustion.  *Id.*

The documents submitted in response to the status conference again contained multiple references to numerous OSC appeals, made during a 3 year time period.  *See id.*  For example, in the appellant's June 8, 2020 pleading, the appellant stated she initially filed with the OSC on May 30, 2017, and an IRA "appeal letter" was provided by OSC on June 18, 2018.  AF, Tab 22 at 6.  The appellant submitted a copy of a letter from OSC regarding OSC File No. MA-17-3685, which appears to be the June 18, 2018 "appeal letter."  AF, Tab 23 at 41.[3]  The letter stated that the OSC investigated the following issues:

---

[3] While the letter was undated, in the Table of Contents for the pleading, the appellant identified the letter as "06.18.18 OSC IRA Letter."

In your prohibited personnel practice complaint, you allege that the U.S. Department of the Treasury revoked your security clearance and Public Key Infrastructure access, failed to consider your application for promotion, and subjected you to a generally hostile work environment in retaliation for your resisting your leadership's efforts to realign your office, which you allege had significant national security implications, and for reporting these issues to the Office of Inspector General, Congress, and other parties. You also reported that the former Secretary of your agency made false or deliberately misleading statements to Congress.

*Id.* at 41.

Many of the issues raised in OSC Case No. MA-17-3685 were raised by the appellant in this proceeding. The appellant provided a portion of a complaint dated October 26, 2017, which referenced Case No. MA-17-3685, as well as a letter directed to Director Kenneth Blanco, dated February 13, 2018, which referenced OSC Case No. MA-17-3685. *See* AF, Tab 5 at 15, 21. The appellant also provided multiple e-mails and other documents from 2016, 2017, and early 2018 that may have been considered in Case No. MA-17-3685. *See* AF, Tab 22 at 16 – 61. The appellant failed to show what information, if any, was considered in Case No. MA-17-3685, which was closed on or about June 18, 2018, and what was addressed in Case No. MA-20-0406. If the issues were addressed or investigated in Case No. MA-17-3685, then an appeal on those issues would likely be untimely. The appellant was required to file a request for corrective action within 65 days of receiving the letter. *See* AF, Tab 23 at 41.

Accordingly, after reviewing the entire record, I cannot identify which issues were addressed by OSC in this proceeding. Therefore, the appellant has failed to prove exhaustion by a preponderance of the evidence.

*B. The appellant failed to make a non-frivolous allegation that she engaged in whistleblowing activity.*

In addition to satisfying the exhaustion requirement, an appellant must show she made a non-frivolous allegation that she made a protected disclosure and the disclosure was a contributing factor in an agency's decision to take a personnel action. A non-frivolous allegation is an assertion that, if proven, could establish the matter at issue. *Bradley*, 123 M.S.P.R. 547, ¶ 6 (citing *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016) and 5 C.F.R. § 1201.4(s)). A protected disclosure is a disclosure of information that the appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Bradley*, 123 M.S.P.R. 547, ¶ 7; *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 7 (2013). At the jurisdictional stage, the appellant is burdened only with making a nonfrivolous allegation that she reasonably believed that her disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Bradley*, 123 M.S.P.R. 547, ¶ 7; *Schoenig v. Department of Justice,* 120 M.S.P.R. 318, ¶ 8 (2013). A reasonable belief is one that a disinterested observer with the employee's knowledge of essential facts could reasonably conclude that the disclosed information constituted a protected disclosure. *See Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

The disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters. *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014) (concluding that to establish IRA jurisdiction, an appellant must make a specific and detailed allegation of wrongdoing, rather than a vague one). *See Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed.Cir.1993). *See* also *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 10 (1999); *Padilla v. Department of the Air Force*, 55 M.S.P.R. 540, 543–44 (1992). The Board has consistently held that an appellant must articulate exactly what her disclosures are. *See Keeger v. Department of Agriculture*, 92 M.S.P.R. 476, fn 2. (2002).

It is not the Board's obligation to pore through the record, or to construe and make sense of allegations based on documents in the file.  *Id.*  An appellant "whose submissions lack clarity risks being found to have failed to meet his burden of proof."  *See Luecht v. Department of the Navy*, 87 M.S.P.R. 297 (2000).

In this case, I find the appellant failed to make specific and detailed allegations that she engaged in whistleblowing activity.  When asked to describe her protected activity, the appellant stated in her initial response to the Jurisdiction Order, "I brought forward, per the Whistleblower Enhancement Act 2012 Pub. L. 112-119, disclosures, which I reasonably believed to be violations of laws, rules, and regulations, as well as gross mismanagement, gross waste of funds, an abuse of authorities, a danger to public health and safety domestic and abroad, and a danger to civil liberties (E.O. 12333)."  AF, Tab 5 at 5.  The appellant said she made the disclosures between 2016 and 2018. *Id*.

As discussed above, the appellant was allowed to amend her response to the Jurisdiction Order.  *See* AF, Tab 13.  The appellant was told to provide a detailed list of what her disclosures were, and for each disclosure state who it was made to, when it was made, and why she believes it should be protected.  *Id*.  The appellant submitted several additional responses, none of which contained a precise statement which identified the appellant's alleged disclosures.  *See* AF, Tabs 20-23, 28-29.  Instead of directly responding to the order, the appellant provided examples of what she believed to be whistleblower activity, without providing details such as when they were made, to whom they were made, or when she raised the claims with the OSC.[4]

For example, in her amended responses, the appellant appeared to argue that she notified her immediate supervisor and the FinCEN Director of Security

---

[4] As discussed above, many of the appellant's alleged protected disclosures appear to have been investigated in OSC Case No. MA-17-3685.

of the agency not using the correct NSA forms per 5 U.S.C. § 2302(b)(13)2 and 5 U.S.C § 2302(f)(1)(D).  AF, Tab 23 at 19; AF, Tab 28 at 7.  In addition, the appellant stated she "made factual assertions and raised an affirmative defense of reprisal for participating in activity under section 2302(b)(9)(B) and 2302(b)(9)(C).  AF, Tab 23 at 19.  The appellant did not specify when this activity took place, or when the disclosure was investigated by OSC.

The appellant also stated she notified her supervisor, Treasury IG, OSC, and Congress of her reasonable belief that the constitutional rights of Paul Manafort were being violated.  AF, Tab 23 at 26.  The appellant, however, did not state when the disclosures were made, or provide details on how the disclosures were made. *Id.*

In addition, the appellant claimed the agency violated Executive Order 12333.  As with the other allegations, the appellant failed to provide specific details regarding the disclosure, and failed to indicate whether the issue had been investigated in a previous proceeding.  The appellant stated as follows:

> There was definitive harmful error in the application of the Agency's procedure as the disclosures were made to FinCEN Director of Security who participated in the protected activity that I reasonably believed to be covered by subsection 5 U.S. Code § 2302 (a)(2)(D)(i), 5 U.S.C. § 2302 (b)(8)(A)(i), 5 U.S.C. § 2302 (b)(8)(B)(i), and 5 U.S.C. § 2302 (b)(8)(C)(i). There was definitive harmful error in the application of the Agency's, Department of Treasury, Terrorism and Finance, and Office of Intelligence Analysis (OIA) and the Agency's, a member of the Intelligence Community, procedures violating, specifically Executive Order 12333 and the Civil Liberties of United States American Citizens by (1) unmasking US American Citizens names and (2) collect US Persons Financial Data, thus illegally spying on US citizens. OIA is operating illegally in accordance with EO 12333 as OIA has no approved or signed Attorney General guidelines as required per the law and therefore is in violation of US civil liberties.  The whistleblower received a 14-day suspension.  OSC provided an IRA and referred the whistleblower to the MSPB.

AF, Tab 23 at 27 – 28.

The appellant also claimed that the agency "failed to act on blatant harassment and intimidation towards me during a conference meeting with my supervisor present," but failed to articulate any details. *Id.* at 29. The appellant claimed that the agency mishandled a grievance, but did not state when the grievance was made or how the agency mishandled it. *Id.* Likewise, the appellant stated she met with Congressional staffers and members in the Senate building, but did not provide any details on when these meetings took place, or with whom. *Id.* at 30.

Accordingly, I find the appellant failed to articulate exactly what her disclosures were, and therefore has failed to make a non-frivolous allegation of Board jurisdiction. *See Ellison,* 7 F.3d at 1037; *Keeger*, 92 M.S.P.R. at 476, fn 2.

> *C. The Board lacks jurisdiction over the appellant's allegations of disability discrimination, as well as issues related to her security clearance.*

The appellant discussed disability discrimination, EEO retaliation, and issues related to her security clearance in her appeal. AF, Tabs 1, 5. The Board lacks jurisdiction over claims of discrimination on the basis of disability or EEO retaliation in the context of an IRA appeal. *See Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428 (2014); *McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594 (2011), aff'd, 497 Fed. Appx. 4 (Fed. Cir.2012). EEO complaints are not protected disclosures under 5 U.S.C. § 2302(b)(8) and are not protected activity under 5 U.S.C. § 2302(b)(9). *See Kerr v. Jewell*, 836 F.3d 1048, 1055-59 (9th Cir. 2016).

In addition, the Board has long held that the denial, suspension or revocation of a security clearance does not fall within the statutory definition of a "personnel action," and therefore cannot be the subject of an IRA appeal. *See Weber v. Department of the Army*, 59 M.S.P.R. 293, 297 (1993), aff'd, 26 F.3d

140, 1994 WL 191997 (Fed.Cir.1994) (Table).   The Board also found that the Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988), which held that the Board lacked authority to review an agency's underlying reasons for the suspension or cancellation of a security clearance in connection with an adverse action appeal, precluded the Board from reviewing allegations of retaliation for whistleblowing when the claims pertained to revocation of a security clearance.   *See Wilson v. Department of Energy*, 63 M.S.P.R. 228, 232 (1994).

Accordingly, for the reasons set forth above, the appeal must be dismissed for lack of jurisdiction.

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:                    _____/S/_____
                                                    Andrew M. Dunnaville
                                                    Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **August 21, 2020**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with

one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review.  Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing.  A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place.  Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203.  Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate.  The lack of a quorum does not serve to extend the time limit for filing a petition or cross

petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the

documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record.  A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first.  If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt.  You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5

C.F.R. Part 1201, Appendix 4) to support your claim.  The date of filing by mail is determined by the postmark date.  The date of filing by fax or by electronic filing is the date of submission.  The date of filing by personal delivery is the date on which the Board receives the document.  The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service.  Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party.  *See* 5 C.F.R. § 1201.4(j).  If the petition is filed electronically, the online process itself will serve the petition on other e-filers.  *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

### NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

### NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx