# LAW OFFICE OF
## STEPHANIE M. CARVLIN, ESQ.
140 Broadway, Suite 4610
New York, New York  10005

STEPHANIE M. CARVLIN, ESQ.                                  TELEPHONE: 212-748-1636
                                                            FAX: 212-858-7750
                                                            E-MAIL: CARVLIN@HOTMAIL.COM

October 29, 2020

Honorable Gregory H. Woods
United State District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:    *United States v. Natalie Mayflower Sours Edwards*,
              19-cr-00064 (GHW)

Dear Judge Woods:

      As required by this Court's EMERGENCY INDIVIDUAL RULES AND PRACTICES IN LIGHT OF COVID-19 ("Rules"), I have conferred with the government and now write to express the parties' views on when sentencing can occur in this case. It is my position that even if the Court were to find that the CARES Act, the Constitution and the Federal Rules of Criminal Procedure authorize a remote sentence proceeding, Dr. Edwards has a right to be physically present in the Court for her sentencing. Dr. Edwards does want to be present in Court with her family for her sentencing.[1] This poses an impediment to having Dr. Edwards' sentence hearing take place on November 9, 2020, as now scheduled.

      Under Executive Order 205 issued by New York Governor Andrew Cuomo, individuals who travel to New York from states with "significant rates of transmission of COVID-19" are required

---

[1] The Second Amended Standing Order dated September 16, 2020, effective September 26, 2020, and for 90 days thereafter, finds that the CARES Act authorizes sentence hearings in felony cases to be conducted via video conferences or telephone conferencing if video conferencing is not reasonably available. However, the Order conditions that approval on the defendant's consent and a finding by the presiding judge that "the proceeding cannot be further delayed without serious harm to the interests of justice." Standing Order at 3.

to quarantine for a 14-day period upon entering New York. Virginia, where Dr. Edwards resides, is on the list of "restricted states."[2]

Even if this Order is not binding on federal courts in New York, the Southern District of New York has adopted guidelines that largely incorporate this requirement. Chief Judge McMahon's Standing Order of October 26, 2020, provides in part that individuals who have traveled within the past 14 days from a state that has a "significant degree of community-wide spread of COVID-19" as defined by the New York State Department of Health may not enter Southern District courthouses. Standing Order of October 26, 2020, at 2.[3] Consistent with this Order, individuals who seek to enter courthouses in the Southern District of New York are required to fill out the "SDNY Entry Questionnaire," which contains a question about the individual's presence in a restricted state.[4] Were Dr. Edwards to attempt to enter the courthouse on November 9, 2020, she would be denied entry because she has been in a state with significant community-wide spread within 14 days.

It is my understanding that procedures have been approved in the Southern District that permit exceptions to this Order for witnesses. Presumably, the same procedures could be applied to defendants and their families. Under these rules, an individual may quarantine in her home state for 14 days prior to attempting to enter a courthouse in the Southern District. Once in New York, a defendant (witness) is then required to be tested for the coronavirus from an approved list of providers and present a negative test result. The approved tests do not generate an immediate result. I have consulted with an attorney who practices in the Southern District who was required to comply with these procedures in light of his presence in a restricted state. When he took the approved coronavirus test this week, he was told that the results could take between three to five days. However, he did receive his test results within 24 hours.

As long as Virginia remains on the list of restricted states, Dr. Edwards and her family members who intend to attend her sentencing (her mother, father, husband, daughter, brother and sister-in-law) will all have to observe a 14-day quarantine in Virginia. Dr. Edwards is confident that her family members will be willing to do so. However, each will also have to come to New York several days before a scheduled sentence hearing to guarantee sufficient time to obtain a negative test result before they would be permitted to enter the courthouse. To accommodate the need to observe the 14-day quarantine period, the additional time to obtain test results in New York and the schedules of the parties, I respectfully request a sentence date of January 14 or 15, 2021, or anytime during the week of January 18, 2021, other than January 18, which is a federal holiday.

---

[2]*See* https://coronavirus.health.ny.gov/covid-19-travel-advisory.
[3]Found at https://www.nysd.uscourts.gov/sites/default/files/2020-10/Standing%20 Order%2020%20MC%20138_Supersedes%20and%20Replaces%20the%20Fourth%20Amended %20Standing%20Order%20Issued%20on%20June%2012%202020.pdf
[4]Found at https://www.nysd.uscourts.gov/sites/default/files/2020-10/Non-device%20 Questionnaire_Eng_Spanish.pdf.

If the Court agrees to this schedule, Dr. Edwards' family members could begin their quarantine on December 26, 2020, the day following the Christmas holiday. This would also provide me with sufficient time to determine which testing facilities give the fastest results and to arrange funding to pay for Dr. Edwards' to stay in New York for a few days if necessary[5]. Of course, during the interim, Virginia might also come off the list of restricted states, obviating the need for quarantining and testing.

Admittedly, this is not an ideal solution. Both Dr. Edwards and the public have an interest in having Dr. Edwards sentenced as soon as reasonably possible. However, the day of Dr. Edwards' sentencing certainly will be among the most important of her life. She should be permitted to face that daunting moment in person surrounded by her family. Additionally, there is no basis to conclude that "the proceeding cannot be further delayed without serious harm to the interests of justice." Second Amended Standing Order of September 16, 2020.

The government does not oppose this request.

                                                Respectfully submitted,

                                                _____/s/_____
                                                Stephanie Carvlin

cc:      AUSA Daniel Richenthal
          AUSA Kimberly Ravener (via ECF)

---

[5]The Court has found that Dr. Edwards qualifies for assigned counsel pursuant to the Criminal Justice Act Plan.