# LAW OFFICE OF

## STEPHANIE M. CARVLIN, ESQ.

140 Broadway, Suite 4610
New York, New York   10005

STEPHANIE M. CARVLIN, ESQ.

TELEPHONE: 212-748-1636
FAX: 212-858-7750
E-MAIL: CARVLIN@HOTMAIL.COM

June 4, 2021

Honorable Gregory H. Woods
United State District Court
Southern District of New York
500 Pearl Street
New York, NY   10007

      Re:   *United States v. Natalie Mayflower Sours Edwards*,
            19-cr-00064 (GHW)

Dear Judge Woods:

      I write to request that the Court order that two documents filed in this case by the government electronically be removed from the PACER system. In its July 9, 2020 letter to this Court, the government described a filing Dr. Sours Edwards made in her Merit Systems Protection Board ("MSPB") appeal, pending under docket DC-1221-20-0480-W-J. The government attached as Exhibit A to its letter a copy of Dr. Edwards' MSPB filing of July 7, 2020. That material, which is docketed in this case as document 55, should not have been made available to the public.

      The Privacy Act of 1974 governs the collection, maintenance, use and dissemination of personal information in records maintained by Federal executive branch agencies. Section §522a(b) of Title 5 of the United States Code provides that "[n]o agency[1] shall disclose any record which is maintained in a system of records by any means of communication to any person, or to another agency, except pursuant to written request by, or with the prior written consent of, the

---

[1] With exceptions not relevant here "agency" is defined in 5 U.S.C. §551(1) as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency[.]"

individual to whom the record pertains[.]" Dr. Sours Edwards did not consent to the disclosure of this information.

Certain exceptions apply that permit disclosure without consent, including one that authorizes an agency to provide protected information to another agency or instrumentality of any government for criminal law-enforcement activity "if the head of the agency or instrumentality has made a written request to the agency which maintains the records specifying the particular portion desired and the law enforcement activity for which such record is sought." 5 U.S.C. §522a(b)(7). Even assuming that this exception applies in this case and that the "head" of the United States Attorney's Office in the Southern District of New York made the required written request, the information could not be further disseminated to the public as it was in the government's July 9, 2020 letter. The document and exhibit should be removed from PACER.

Dr. Edwards has asked that I also move the Court to have removed from the docket Exhibit C to the government's sentencing submission dated October 26, 2020 (PACER document 82), the July 17, 2020 Initial Decision of Administrative Law Judge Andrew M. Dunnaville, in Dr. Sours Edwards' appeal that was pending before him. The government also quotes from the decision on page 20 of its sentencing submission.

Merit Systems Protection Board Procedures are outlined in 5 C.F.R. §1201. Subsection (14)(i) of §1201 discusses who may have access to electronically filed appeals documents. The government was correct in its assertion during the sentencing hearing yesterday, June 3, 2021, that this document is available to the public through Westlaw. However, 5 C.F.R. §1201(14)(i) provides as follows:

> (i) **Repository at e-Appeal Online**. All notices, orders, decisions, and other documents issued by the MSPB, as well as all pleadings filed via e-Appeal Online, will be made available to parties and their representatives for viewing and downloading at the Repository at e-Appeal Online. In addition, most pleadings filed at the petition for review stage of adjudication, and some pleadings filed at the regional office level, will be available at the Repository. Also available at the Repository will be an electronic "docket sheet" listing all documents issued by the MSPB to the parties, as well as all pleadings filed by the parties, including those pleadings that are not available for viewing and downloading in electronic form. **Access to appeal documents at the Repository will be limited to the parties and representatives of the appeals in which they were filed.**

(Emphasis added).

I request that the Court order that the documents be removed from PACER and that page 20 of the government's sentence submission be redacted to exclude the quotation from the Interim Decision.

The government intends to oppose this motion and asks that it be permitted to respond on or before June 14, 2021.

                                              Respectfully submitted,

                                              _____/s/_____
                                              Stephanie Carvlin

cc:    AUSA Kimberly Ravener
       AUSA Daniel Richenthal (via ECF)