# LAW OFFICE OF

## STEPHANIE M. CARVLIN, ESQ.

140 Broadway, Suite 4610
New York, New York  10005

STEPHANIE M. CARVLIN, ESQ.   TELEPHONE: 212-748-1636
FAX: 212-858-7750
E-MAIL: CARVLIN@HOTMAIL.COM

June 21, 2021

Honorable Gregory H. Woods
United State District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

    Re:    *United States v. Natalie Mayflower Sours Edwards*,
            19-cr-00064 (GHW)

Dear Judge Woods:

      I write to reply to the government's June 14, 2021 opposition ("Gov. Opp.") to the defense letter motion of June 4, 2021 ("Def. Motion").

      One of the key arguments the government makes in urging this Court to deny the defense motion to seal the government's letter of July 9, 2020, and Exhibit A thereto (PACER document 55) is that a violation of the Privacy Act may be redressed through a civil suit. Gov. Opp. at 5. However, the fact that Dr. Sours Edwards may be able to sue FinCEN for disclosing materials she asserts were covered by the Privacy Act does not mean that this Court lacks the authority to order that the material be sealed on this Court's docket. As one of the cases the government cites in its submission holds, a Court has the inherent authority to deal with matters related to documents filed on its own docket. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140-41 (2d Cir. 2004)("It is, moreover, fundamental that '[e]very court has supervisory power over its own records and files.'"), *citing Nixon v. Warner Communications, Inc*. 435 U.S. 589, 598 (1978).[1]

---

[1] Thus, the standard the government cites for what a defendant must show to warrant relief in a civil suit brought under 5 U.S.C. §552a(g), is inapplicable here. *See* Gov. Opp. at 3.

Nor does this Court lack the power to order the relief requested because it would constitute injunctive relief as the government asserts. Gov. Opp. at 7. As the Second Circuit found in *Gambale*, a court can order that documents, or portions of documents, that have been filed on the court's docket be sealed. *Gambale*, 377 F.3d at 144. In *Gambale,* the plaintiff sued her employer, Deutsche Bank, alleging employment discrimination. The parties entered into a Stipulation of Settlement, which bound both sides to keep the details of the agreement confidential. During a conference held to present a Stipulation of Discontinuance to the Court, the District Judge elicited the amount of the settlement. The conference was "reduced to transcript form and filed." *Id*. at 143. Over the bank's objection, the District Court also ordered that other documents that had been sealed be made available to the public. In its unsealing order, which was subsequently incorporated into an opinion that Lexis and Westlaw published in their online databases, the District Court stated the size of the settlement.

On appeal the Bank argued, *inter alia*, that the transcript of the hearing in which the settlement amount was discussed should not be available to the public. The Second Circuit agreed and ordered that the transcript of the conference be sealed unless until all confidential information were redacted. *Id*. at 144.[2]

This Court can order that the Government's July 9, 2020 letter and Exhibit A thereto (PACER document 55) be sealed.

This Court should also reject the government's assertion that the records at issue here, which were filed on the Merit Systems Protection Board ("MSPB") docket, are not covered by the Privacy Act. *See* Gov. Opp. at 6. The MSPB is an "agency" within the meaning of 5 U.S.C. §552a. It is an "authority of the government of the United States" not specifically excluded from the definition. 5 U.S.C. §551(1). It maintains a system of records, which is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or some other identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. §552a(a)(5).

---

[2] In responding to Dr. Edwards' application that Exhibit C to the government's October 26, 2020 sentencing submission (PACER document 82-3), be sealed, the government also cites *Gambale*. Gov. Opp. at 5. The government is correct that in *Gambale*, the Second Circuit declined to order that the District Court's unsealing order and opinion, which discussed confidential details about the settlement that were not previously part of the record, be sealed. The Circuit reasoned that however confidential the details of the settlement may have been before the order and opinion were published by Westlaw and LEXIS, after publication they were "confidential no longer." *Gambale*, 377 F.3d at 144.

2

The Board itself takes the position that the records it maintains are governed by the Privacy Act and must be protected unless they fall within a defined exception. *See* https://www.mspb.gov/privacy/compliance.htm. *See also* 5 C.F.R. §1205.4 (a): "Except as provided in 5 U.S.C. 552a(b), the Board will not disclose any personal record information from systems of records it maintains to any individual other than the individual to whom the record refers, or any other agency, without the express written consent of the individual to whom the record refers, or his or her representative or attorney."

The government does not appear to claim that MSPB records are not covered by the Privacy Act generally but rather that the record it filed as Exhibit A to its July 9, 2020 letter is not covered. According to the government, this material was disclosed to the United States Attorney's Office for the Southern District of New York by counsel for FinCEN. The government asserts that the "[f]iling was served on FinCEN by the defendant herself,[3] who determined its contents, and it was thereafter maintained by FinCEN's in-house lawyers for the purpose of defending FinCEN against the defendant." Gov. Opp. at 6. Thus, the argument goes, the material did not come from a system of records within the meaning of the Privacy Act. *Id*.

In support of this proposition, the government relies on *Bechhoefer v. U.S. Dep't of Justice*, 312 F.3d 563 (2d Cir. 2002)("*Bechhoefer II*"). Gov. Opp. at 6. *Bechhoefer II* does not govern resolution of this issue in this case. In *Bechhoefer II*, the issue was whether a letter *Bechhoefer* had sent to the local DEA office complaining about conduct certain local government purportedly were engaged in fell within the prescriptions of the Privacy Act. The letter was kept in a DEA agent's drawer. Neither the letter nor the material it contained was incorporated into any report. The letter was not filed in any electronic or paper file. The DEA subsequently faxed copies of the letter to one of the officials named by Bechhoefer. Bechhoefer brought a civil suit, alleging, *inter alia*, that dissemination of the letter violated the Privacy Act. In those circumstances, the Second Circuit determined that the letter was not part of a system of records kept by the DEA: The letter, which sat in an Agent's desk, had not become incorporated into a record-keeping system under the Agency's control.

Here, in contrast, Exhibit A was filed on the MSBP docket and became part of that agency's "system of records."

The government also asserts that the First Amendment and common-law right of access to material filed in connection with judicial proceedings bar this Court from granting the requested relief. First, as the Second Circuit noted in *Gambale*, this argument has a "troubling element of bootstrapping": Because the government filed the assertedly private documents, the documents lost their

---

[3] The documents were "served" on FinCEN by Dr. Edwards' filing them electronically on the MSPB e-filing system (e-Appeal On Line).

(claimed) protection against disclosure.[4] If the government's argument were correct virtually any document could not be sealed after it was filed. Clearly, this is not accurate.

More significantly, as the government notes in its submission, the right of access does not mean "that any document filed by a party must be made publicly available in whole or in part." Gov. Opp. at 4, *citing Lugosch v. Pyramid Co. of Obodaga*, 435 F.3d 110, 119 (2d Cir. 2006). The right of access extends only to judicial documents, a term of art that means documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119, *quoting United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). There is no indication that the documents at issue here – the government's July 9, 2020 letter to the Court and accompanying Exhibit A, or Exhibit C to the government's October 26, 2020 sentencing submission[5] – were key to this Court's sentencing decision. Thus, they should not be considered judicial documents merely because the government filed them.

Respectfully submitted,

_____/s/_____
Stephanie Carvlin

cc:   AUSA Kimberly Ravener
      AUSA Daniel Richenthal (via ECF)

---

[4] *See Gambale*, 377 F.3d at 143, n.8.
[5] The July 17, 2020 decision of Administrative Judge Andrew Dunnaville is an initial decision, as noted on the document itself. Dr. Sours Edwards' appellate petition for review remains pending before the Merit Systems Protection Board.