Case 1:19-cr-00064-GHW   Document 108   Filed 07/30/21   Page 1 of 2



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 30, 2021

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *United States v. Natalie Mayflower Sours Edwards*,
            19 Cr. 64 (GHW)

Dear Judge Woods:

      The Government respectfully writes in opposition to the defendant's letter motion of today to delay her surrender, scheduled for this Monday, August 2, 2021, by an indefinite period, and for at least approximately one month. As the Government advised defense counsel last night, although the Government does not believe it to be necessary, it would be willing to consent to a modest extension of the surrender date, of a week or two, to permit the defendant to attend further to her medical situation prior to her surrender. However, the defendant's letter wholly fails to justify her request for a longer, indefinite extension.

      As an initial matter, the Government notes that while the defendant bases her request on a procedure she had on July 15, and a follow-up doctor's visit on July 20, she did not seek to adjourn her surrender until today, one business day before her scheduled surrender. The defendant does not explain her delay.

      In any event, the defendant's request is insufficiently supported and, based on known facts, unwarranted. To be sure, the Government takes the concern of any defendant about receiving timely and adequate medical treatment extremely seriously. But here, the defendant has provided to the Court, just one business day before her scheduled surrender, a doctor's letter, written at the defendant's own request, which reflects that (1) the defendant had a ███████ two weeks ago, (2) five days after ███████, the defendant appeared to be experiencing ███████ ███████ and (3) as of July 20, 2021, ten days ago, the doctor recommended a follow-up visit, which was scheduled for August 31, 2021.[1]

---

[1] In an abundance of caution, without necessarily agreeing that all of the redactions are warranted in light of the First Amendment and common law rights of access to judicial documents, the Government has redacted portions of this letter, in its publicly-filed version, so as to match the defendant's redactions in her publicly-filed letter with respect to medical information.

The defendant, in short, does not appear to be in need of any pressing or complicated medical attention. Nor does she explain why her second follow-up visit was scheduled by her for long her after her scheduled surrender. Nor she allege, much less demonstrate, that such a visit, or any other current or potential medical issue, is beyond the capability of the Federal Bureau of Prisons ("BOP"). As the Court is aware, the BOP is well-equipped to handle all such conditions, including, if warranted, in a Federal Medical Center (although there is no indication that the defendant's apparent ███████████████, experienced ten days ago, or any of her other medical concerns, is of the type for which a medical center is remotely necessary).

For these reasons, the Government submits that the Court would be justified in denying the defendant's motion in its entirety. However, as noted above, the Government has no objection to the motion being granted in part and denied in part, and the defendant being permitted a limited, specific, and final period to attend further to her medical issues before surrendering. The defendant has not established that more, much less what she belatedly seeks, is warranted. *See Calderon v. Thompson*, 523 U.S. 538, 555 (1998) ("Finality is essential to both the retributive and deterrent functions of criminal law."); *United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) (delays "may 'impair the deterrent effect of punishment'" (quoting *Zedner v. United States*, 547 U.S. 489, 501 (2006)) (alteration incorporated)).

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

By:   s/ Daniel C. Richenthal
       Kimberly J. Ravener
       Daniel C. Richenthal
       Assistant United States Attorneys
       (212) 637-2358/2109

cc:   (by ECF)

     Counsel of Record