**STEPHANIE M. CARVLIN, ESQ.**
140 Broadway, Suite 4610
New York, New York   10005

STEPHANIE M. CARVLIN,
ATTORNEY AT LAW

TELEPHONE: 212-748-1636
FAX: 212-608-9499
E-MAIL: CARVLIN@HOTMAIL.COM

August 15, 2021

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:   *United States v. Sours Edwards*,
           19-cr-64 (GHW)

Dear Judge Woods:

    I write to respond to the Court's order of August 2, 2021, directing that I address an application by INNER CITY PRESS docketed on June 17, 2021 ("Application"), which requests that the Court reconsider a decision it issued eight months earlier on October 20, 2020. INNER CITY PRESS letter dated June 14, 2021, Dkt. 102. There is no basis for the Court to reconsider its decision, and the Application should be denied.

<u>Background</u>

    As the Court recounted in its Memorandum Opinion and Order dated October 20, 2020, which initially addressed this issue, Dr. Sours Edwards emailed *pro se* submissions to the Court on June 22, 2020. Memorandum Opinion and Order of October 20, 2020 ("Memorandum"), Dkt. 80. The Court ordered her to provide a copy of the material to her then counsel. The Court also noted that the submissions included attorney-client communications and therefore directed counsel to identify any material that might constitute privileged communications that arguably should not be disclosed to the government. The Court subsequently set a conference date of June 29, 2020, to discuss the submissions. Order of June 24, 2020, Dkt. 49.

    On June 25, 2020, counsel for Dr. Sours Edwards filed a letter motion asking the Court to appoint independent counsel prior to the June 29 conference "for the limited purpose of conferring with Dr. Sours Edwards about her submission and any issues she had regarding her relationship with current counsel." Letter motion of June 25, 2021, Dkt. 51. Dr. Sours Edwards was then represented by retained counsel. The Court

denied counsel's application without prejudice on the ground that the Court had "no information regarding [Dr. Sours Edwards'] financial eligibility for the appointment of counsel under the Criminal Justice Act." Memo endorsement of June 25, 2020, Dkt. 52. The Court further noted that it intended to solicit financial information at the scheduled June 29 conference from Dr. Sours Edwards to determine whether it had the authority to appoint counsel. *Id*.

I am a member of the Criminal Justice Act panel for the Southern District of New York. I was duty-day counsel on June 29, 2020. I attended the conference at the Court's request. During the conference, Dr. Sours Edwards' existing counsel noted that there were differences between attorney and client on how to best defend the case. He asked that the Court have Dr. Sours Edwards speak to independent counsel to address that issue. The Court directed me to "work with Dr. Sours Edwards as independent counsel to confer about the issues discussed[.]" Memorandum at 4. On July 9, 2020, the Court held another conference. The Court confirmed that Dr. Sours Edwards was eligible for counsel under the Criminal Justice Act and appointed me to represent her "as an independent voice to help her determine how best to proceed with her case." Memorandum at 5.

After conferring with Dr. Sours Edwards, I filed a letter motion on July 16, 2020, requesting that Dr. Sours Edwards be permitted to withdraw her *ex parte, pro se* submissions and asking that the Court not consider the material. Letter motion of July 16, 2020, Dkt. 57. The government did not object to the application. I also stated in my July 16 letter motion that Dr. Sours Edwards wanted new counsel. On July 21, 2020, the Court held a conference to address both issues. I advised the Court that Dr. Sours Edwards believed that her relationship with her current counsel had irrevocably broken down. Memorandum at 6; Transcript of July 21, 2020 conference at 7:7-16 ("July 21 conference"), Dkt. 78. The Court permitted former counsel to withdraw and appointed me to represent Dr. Sours Edwards.

The Court then turned to Dr. Sours Edwards' motion for permission to withdraw her *pro se* submissions. I argued that the Court should grant the motion. The documents should not be docketed because Dr. Sours Edwards was asking that the Court "not consider those documents in any respect going forward[.]" Memorandum at 6; July 21 conference at 15:18-16:14. The Court granted the request and stated it would "not consider the information presented by Dr. Sours Edwards in any way for purpose of sentencing or otherwise with respect to the case." Memorandum at 7; July 21 conference at 17:15-21. Because the documents had not "contributed at all to a judicial decision by the Court[ ]" there was "a substantial question regarding whether or not [the submissions were] at all judicial documents." Memorandum at 7; July 21 conference at 18:3-25.

Later on July 21, 2020, Matthew Lee from INNER CITY PRESS sought access to the documents, citing the right of access the public and press enjoy under the Fifth Amendment to the United States Constitution and common law. July 21, 2020 Letter, Dkt. 60, at 1.

On July 30, 2020, I filed an Opposition to the INNER CITY PRESS application. I noted that the "'mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" Defense Opposition of July 30, 2020 ("Opposition"), at 1-2, Dkt. 65., *quoting United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Rather, the public right of access attaches only to "judicial documents." Opposition at 1-2, citing *In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987); *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). I noted that the "Second Circuit has defined judicial documents as those materials that are 'relevant to the performance of the judicial function and useful in the judicial process.'" Opposition at 2; *quoting Lugosch, 435 F.3d*. at 126; *and citing United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 133 (2d Cir. 2017). The documents Dr. Sours Edwards had submitted *ex parte* did not meet that test. During the July 21 conference, this Court had explicitly stated that the documents hadn't contributed to a judicial decision and would not be considered by the Court for any purpose. Opposition at 2. I also argued, that to the extent that the material could be considered a judicial document, and it could not, the relevant balancing tests under both the First Amendment and the common-law right of access weighed against making the documents public. Opposition at 3. By emails dated August 4, 2020, INNER CITY PRESS replied, arguing essentially that because Dr. Sours Edwards' submissions led the Court to hold a conference, the material should be publicly filed. Email of Matthew Lee to Chambers of Judge Gregory H. Woods dated August 4, 2020, Dkt. 66.

This Court denied the INNER-CITY-PRESS application. The Court adhered to the position it hard articulated during the July 21, 2020 conference: Dr. Sours' Edwards *ex parte, pro se* submissions to the Court did not meet the definition of "judicial documents." Memorandum at 9-10. They were not relevant to the performance of the judicial function. "The Court made no decision with respect to the contents of the submissions – it did not even rule on the parties' disputes regarding potential redactions to the submissions." *Id*. at 10. Nor did the Court rely on the contents of the documents in granting Dr. Sours Edwards' request for new counsel. "The mere existence of the *ex parte, pro se* submissions from Dr. Sours Edwards was sufficient to trigger the need to put a process in place to deal with them." *Id*. The fact of the submissions "brought to light a communication breakdown with Dr. Sours Edwards' prior counsel." *Id*. at 11.

The Application For Reconsideration Should Be Denied

Nothing has occurred since the Court's October 20, 2020 Memorandum Opinion and Order that warrants reconsideration of its decision. In fact, it is now beyond dispute that the *pro se* submissions are not judicial documents. In its Memorandum, the Court stated prospectively that it would not consider the contents of the documents in any respect going forward. The Court can now state with certainty that it did not do so. This is clear as well from Dr. Sours Edwards' sentence hearing. The Court was explicit about the basis for sentencing Dr. Sours Edwards to a term of incarceration of six months: the nature of the offense, including the number of documents she disclosed, and the potential impediment the disclosure of FinCEN documents might pose to the Treasury

Department's ability to obtain information from financial institutions going forward. Those facts are entirely a matter of public record.

In seeking a different ruling from this Court, INNER CITY PRESS argues that because Dr. Sours Edwards appeared to thank the Court during her sentencing hearing "for considering but also acting on her submission," those *ex parte, pro se* documents should now be considered judicial documents. Application at 1. In making this claim, INNER CITY PRESS does not specifically identify either by reference to the sentence-hearing transcript or otherwise what Dr. Sours Edwards purportedly said ("While not entirely clear, she appeared to thank the court…."). *Id*. However, the relevant issue is not whether Dr. Edwards thanked the Court for permitting her to change counsel, but whether she disclosed the contents of the *pro se* submissions when addressing the Court. She did not.

Alternatively, INNER CITY PRESS points to the fact that the government referred to the undocketed documents in its response to Dr. Sours Edwards' motion to have certain documents related to her action before the Merit Systems Protection Board removed from the docket of this case. In opposing Dr. Sours Edwards' motion, the government made passing reference to the *fact* that Dr. Sours Edwards had sent the *ex parte, pro se* submissions to this Court:

> On July 9, 2020, in connection with this Court's consideration of how to handle the fact that the defendant had sent directly to the Court three documents, certain of which contained communications that appeared to be protected by the attorney-client privilege or corresponding work product protection, and that her then-current retained counsel had accordingly asked the Court to appoint independent counsel for the defendant, the Government submitted a letter, via ECF, to the Court.

Government Opposition of June 14, 2021, at 1, Dkt. 101. The government did not reference the *contents* of Dr. Sours Edwards' *ex parte, pro se* submissions in its June 14, 2021 filing.

The relevant issue, as this Court correctly noted in its Memorandum, is whether the *ex parte, pro se* documents are "judicial documents." Were they "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. They were not. The INNER CITY PRESS application should be denied.

Respectfully submitted,

_____/s/_____
Stephanie Carvlin

cc: AUSA Daniel C. Richenthal (via ECF)
   AUSA Kimberly J. Ravener (via ECF)
   Matthew R. Lee (via ECF)