```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,              :

                v.                     :       DECLARATION

                                       :       19-cr-0064 (GHW)

NATALIE MAYFLOWER SOURS EDWARDS,       :

                Defendant.             :

                                       :
------------------------------------------------------------x
```

I, Stephanie Carvlin, declare under penalty of false statement pursuant to 28 United States Code Section 1764 that the following is true to the best of my knowledge and belief:

1. I am attorney duly admitted to practice law before the United States District Court for the Southern District of New York.

2. I am counsel for Natalie Mayflower Sours Edwards.

3. On June 3, 2021, Dr. Edwards was sentenced, *inter alia,* to serve a term of incarceration of six months for her conviction for conspiracy in violation of 18 U.S.C. §371.

4. Dr. Edwards is serving that sentence at Federal Prison Camp Alderson ("Alderson") in Alderson, West Virginia. According to the Bureau of Prisons' inmate locator, Dr. Edwards' projected release date is February 28, 2022.

5. I submit this Declaration and attached Exhibits, accompanying Notice of Motion and Memorandum of Law in support of her Motion to reduce her sentence to time served pursuant to 18 U.S.C. §3582(c)(1)(A)(i).

6. Attached hereto as Exhibit A is a copy of a letter from the then-Warden of Alderson, M. Carver, to Dr. Edwards, denying her request for a sentence reduction/compassionate release.

7. On July 28, 2021, well before Dr. Edwards surrendered at Alderson on September 3, 2021, I emailed a copy of her medical records to the Assistant General Counsel at the Federal Bureau of Prisons' Designation and Sentence Computation Center in Grand Prairie, Texas. In response, Counsel there advised me that I could also email the records to the Clinical Director of Health or the Health Services Administrator at the facility where Dr. Edwards was designated to serve her sentence. Counsel provided me with the email addresses and names of the individuals at Alderson who served in those roles.

8. On September 3, 2021, I emailed a copy of some of Dr. Edwards' medical records to Dana Renick, the Health Services Administrator at Alderson. Attached hereto as Exhibit F is a copy of my September 3, 2021 email to Ms. Renick. Attached hereto as Exhibits B, C and D are the records I emailed to Ms. Renick.

9. Ms. Renick advised me that the facility could not accept medical records from me. She told me that Dr. Edwards would have to comply with the steps dictated by Alderson for having medical records sent directly from a physician to the facility. I communicated that information to Dr. Edwards. Dr. Edwards followed the required procedures.

10. Exhibit B hereto is a portion of Dr. Edward's medical records from Patient First, an urgent care facility in Richmond, Virginia. They were provided to me by Dr.

Edwards. The record, entitled, "Patient First Consolidated Continuity of Care Document," contains *inter alia* a "Problem List," a list of allergies and adverse reactions, diagnostic results and an assessment as of August 25, 2021.

11. Exhibit C hereto is a document created by Virginia Commonwealth University Health that was provided to me by Dr. Edwards. The record, entitled, "My VCU Health – My Health Information" includes a list of Dr. Edwards' health issues, allergies and medications as of August 31, 2021.

12. Exhibit D hereto is an email sent by Patient First to Dr. Edwards, that was provided to me by her. The document, dated September 1, 2021, identifies an existing anomaly found in her recent blood work and a referral for Dr. Edwards to make an appointment with another physician for further diagnosis.

13. On November 25, 2021, I sent a letter by email to the then-Warden of Alderson, S. Napier. I advised Warden Napier that the batteries for Dr. Edwards' hearing aid were expired (as of 2016 and 2017 respectively), and she was unable to hear properly. I asked that the Warden ensure that Dr. Edwards be provided a hearing aid with functioning batteries. I did not receive a response to that request. A copy of the letter I sent to Warden Napier is attached hereto as Exhibit E.

14. The factual information about the conditions of Dr. Edwards' confinement (other than material that is identified as having come from other sources) I have detailed in the Memorandum of Law I am filing in support of this Motion, was provided to me. by Dr. Edwards. On December 30, 2021, I sent a copy of this Declaration and the Memorandum to Dr. Edwards by email through the

Bureau of Prisons' CorrLinks email system. I instructed her to review the documents for accuracy. I told her that the factual representations were being made under penalty of false statement and had to be true. She confirmed to me that the facts in this Declaration and the Memorandum are correct.

Dated:   January 3, 2022
         New York, New York

                                        Respectfully submitted,


                                        _____/s/_____
                                        Stephanie M. Carvlin


cc:   AUSA Kimberly J. Ravener
      AUSA Daniel C. Richenthal (via ECF)

4