USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

NATALIE SOURS EDWARDS,

Defendant.

1:19-cr-064-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Natalie Sours Edwards abused her position of trust as a senior official at the United States Department of the Treasury. Dr. Sours Edwards joined the Treasury Department from the Central Intelligence Agency to work in a component of the Treasury Department that plays a critical role in the national security of the United States. Sentencing Transcript, Dkt. No. 104 ("Tr.") at 48:12-25. In her role, Dr. Sours Edwards had access to suspicious activity reports ("SARs"), which are required by law to be maintained in confidence. SARs are used by investigatory agencies to unearth money laundering, terrorism and other crimes. Their disclosure harms the interests of law enforcement and the privacy interests of innocent people who may be the subject of the reports. Tr. at 51:22—52:16.

Nonetheless, Dr. Sours Edwards disclosed approximately 50,000 records, including at least 2,000 individual SARs, to someone who she knew intended to make them public. *Id.* at 51:3-21. Among the materials that Dr. Sours Edwards disclosed were leads regarding financing for the terrorist organization, Hezbollah. *Id.* 51:24-52:2. She also disclosed information about ongoing sensitive law enforcement operations. *Id.* Dr. Sours Edwards' conduct was intentional and took place over an extended period of time—she recklessly brought confidential, and even classified,

information home. *Id.* 53:15-23. (Illustrating Dr. Sours Edwards' cavalier treatment of the nation's confidential information, her child knew that such documents were stashed in the home.) As the Court described at sentencing, Dr. Sours Edwards committed a profound breach of the trust placed in her by the law enforcement and national security organization for which she worked. Her crime was serious.

The Court adjourned the defendant's sentencing date multiple times as a result of the COVID-19 pandemic. On June 3, 2021, after a comprehensive review of the sentencing factors set forth in 18 U.S.C. § 3553(a), including the defendant's medical history, the Court sentenced Dr. Sours Edwards to a guidelines sentence of 6 months. She is currently serving her term in Federal Prison Camp Alderson. Dkt. No. 113 ¶ 4.[1] Dr. Sours Edwards' projected release date is February 28, 2022. *Id.* ¶ 3.

Now, Dr. Sours Edwards has filed a motion, Dkt. No. 112 (the "Motion"), in which she requests that the Court release her immediately, after having served approximately four and a half months of her term of incarceration. She argues principally that the risk of COVID-19 at her facility, in combination with her pre-existing conditions, constitute extraordinary and compelling reasons for her early release. Because the Court does not believe that such a reduction in Dr. Sours Edwards' sentence would serve the purposes of sentencing set forth in § 3553(a), Dr. Sours Edwards' motion is denied.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction

[1] Federal prison "camps" are also described as "minimum security institutions," the least restrictive category of prison within the federal Bureau of Prisons. *See* https://www.bop.gov/about/facilities/federal_prisons.jsp (Last visited January 15, 2022).

is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Dr. Sours Edwards was quick to request early release. She made a request to the warden of her facility on September 10, 2021—just a week after the deadline established by the Court for her surrender. Memorandum of Law, Dkt. No. 114 ("Memo"); Dkt. No. 113 Ex. A. That application was denied. *Id.* Therefore, the Court accepts that Dr. Sours Edwards has satisfied the statutory preconditions to her application.

The Court does not need to evaluate whether the circumstances described in the memorandum of law submitted in support of Dr. Sours Edwards application constitute "extraordinary and compelling" reasons for her release. That is because the Court does not believe

that releasing Dr. Sours Edwards approximately six weeks earlier than her currently scheduled release date is justified after reviewing the § 3553(a) factors. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

Nearly all of Dr. Sours Edwards' memorandum is dedicated to the presentation of a justification for the Court to find that extraordinary and compelling reasons exist for her release. In her seventeen-page-long memorandum of law in support of her application, only two paragraphs are dedicated to the § 3553(a) factors. In some ways, the defendant's choice not to focus on the sentencing factors in her memorandum makes sense—because nothing has changed since the date of sentencing that would lead the Court to evaluate the sentencing factors differently, other than Dr. Sours Edwards' own negative personal experience as a prisoner.

Evaluating the § 3553(a) factors as applied here, the Court does not believe that an adjustment in Dr. Sours Edwards' sentence is appropriate. The defendant's sole argument with respect to the 3553(a) factors is that a lesser sentence is appropriate because her experience in prison has been bad. Memo at 17 ("The goals of reflecting the seriousness of the offense, providing just punishment and adequate deterrence and promoting respect for the law will be amply satisfied by requiring Dr. Edwards to serve four months under the abhorrent conditions she has experienced.").

The defendant's reported negative experiences in prison do not materially impact the Court's evaluation of the sentencing factors. The defendant's crime was very serious. The Court considered the defendant's medical history and the existence of COVID in the federal jail system at the time of sentencing. The manifestations of those issues described in her memorandum and supporting declaration do not materially change the Court's evaluation. The Court's evaluation of the need for

personal and general deterrence has not changed. Nor has its assessment of the other sentencing factors. At sentencing, the Court followed the statutory mandate not to impose a sentence that would be greater than necessary. The Court has reevaluated all of the statutory the factors now based on the additional information provided to it, and reaches the same conclusion—given the nature of Dr. Sours Edwards' crime and abuse of trust, a lesser sentence would not satisfy the purposes of sentencing or impose a just punishment.[2]

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 112.

SO ORDERED.

Dated: January 15, 2022
New York, New York

GREGORY H. WOODS
United States District Judge

[2] Perhaps from Dr. Sours Edwards' perspective, reducing her sentence by six weeks would be just a small change—an easy ask. If the Court had sentenced her to a 20 year term of imprisonment, it would be. But it is a substantial change in relative terms. Assuming that there are 26 weeks in 6 months, a 6 week reduction would reduce her sentence by just over 23%. In relative terms, a reduction of her sentence by six weeks is a substantial. (A 23% reduction in a 20 year sentence would be approximately four and a half years.) Such a substantial reduction in Dr. Sours Edwards' sentence is not warranted.