USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :

UNITED STATES OF AMERICA,          :

                                                  :
                 -v-                          :                1:19-cr-00064-GHW
                                                  :

NATALIE MAYFLOWER SOURS     :                    ORDER
EDWARDS,                                        :
                                                  :
                              Defendant.  :
------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

I.    Background

On October 20, 2020, the Court issued a detailed memorandum opinion and order denying a request for the disclosure of materials that the defendant had submitted to the Court *ex parte* and *pro se* (the "Withdrawn Submissions"). Dkt. No. 80. The Court refers the reader to that opinion, which contains a description of the events that led to the sealing of those records, and the Court's analysis of the issue. In sum, the Court granted the request of Dr. Sours Edwards' counsel that Dr. Sours Edwards be permitted to withdraw the submissions and that the Court not consider them for any purpose. Because the Court had not considered the content of the submissions, the Court concluded that the materials were not relevant to the exercise of a judicial function, and that they were not judicial documents. As a result, the Court denied the request to unseal the documents.

The Court sentenced Dr. Sours Edwards on June 3, 2021. During the sentencing proceeding, the Court listed the documents that it had reviewed in connection with the sentencing. Sentencing Transcript, Dkt. No. 104 ("Tr."), at 2:13-3:2. Most significantly, for purposes of this order, the Court did not review the Withdrawn Submissions in connection with Dr. Sours Edwards' sentencing.

During the course of the sentencing proceeding, Dr. Sours Edwards addressed the Court. She made a lengthy statement to the Court. As part of her statement, Dr. Sours Edwards said the following: "You, your Honor, you have shown good faith in your response to my letter to your chambers, and for that, I would like to thank you. For I have not had a chance to speak with my voice to you, so you, I would like to thank, your Honor. At this time, I would like to speak directly to you." Tr. at 38:20-24.

On June 14, 2021, Matthew Russell Lee of Inner City Press wrote the Court requesting that the Court disclose the Withdrawn Documents (the "Application"). Dkt. No. 102. Mr. Lee asserted that because the defendant had thanked the Court for something related to the Withdrawn Documents, the Withdrawn Documents had become judicial documents. "While not entirely clear, she appeared to thank the Court not only considering but also acting on her submission. That would seem to make them judicial documents." Application. In response, Dr. Sours Edwards pointed to the fact that the assertion that was made in support of the Application that the Court had considered and acted on the submission was not supported by the record. Dkt. No. 110 at 4. In his response, dated August 16, 2021, Mr. Lee acknowledges that the basis for his contention that the Court had considered the Withdrawn Materials was the sentence quoted above, namely "You, your Honor, you have shown good faith in your response to my letter to your chambers, and for that, I would like to thank you." Dkt. No. 111.

The Court did not consider the Withdrawn Documents at sentencing. The Court identified the documents that it considered in sentencing Dr. Sours Edwards—the Withdrawn Documents were not among them. Dr. Sours Edwards' statement thanking the Court for "your response to my letter" can only reasonably be construed as thanking the Court for <u>not</u> considering the Withdrawn

Documents—after all, the Court's response to the Withdrawn Documents was to agree not to consider them.[1]

    II.    Legal Standard

The Court construes the Application as a motion for reconsideration. Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14-cv-6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (quoting *Wilder v. News Corp.*, No. 11 Civ. 4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016)). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

---

[1] That the language cited provides no support for the position advocated is dispositive. Examination of other context cues point to the same conclusion. At the point of Dr. Sours Edwards' remarks during the sentencing proceeding, there was nothing to thank the Court for, other than its prior decision to permit Dr. Sours Edwards to withdraw the Withdrawn Documents. The Court had not sentenced Dr. Sours Edwards or done anything that might have reflected its consideration of the Withdrawn Documents in connection with the sentencing. Moreover, Dr. Sours Edwards followed the sentence that triggered the Application by stating that "I have not had a chance to speak with my voice to you, so you, I would like to thank, your Honor." Tr. at 38:20-24. The statement suggests that Dr. Sours Edwards viewed her oral presentation to the Court as her chance to speak with her voice to the Court—presumably something that she was unable to do through the Withdrawn Submissions. This is consistent with the fact that the Court did not consider the Withdrawn Submissions, and that Dr. Sours Edwards did not understand the Court to have done so.

III. Application

Nothing has changed that modifies the Court's conclusion from its October 2020 order. The Application recognized that the factual basis for the Application was not "entirely clear." And Mr. Lee appears not to have reviewed the transcript of the sentencing before submitting his application. *See* Dkt. No. 111. The transcript of the sentencing conference makes the relevant facts very clear: the Court did not consider the Withdrawn Documents at sentencing. Dr. Sours Edwards' expression of gratitude for the Court's response to her submission—namely, not to consider them—does not support the contrary assertion that the Court did consider them, rendering them judicial documents. No new evidence supports the reconsideration of the Court's prior order.

IV. Conclusion

Because Dr. Sours Edwards' *pro se*, *ex parte* submissions are not judicial documents, the application to reconsider the Court's prior denial of the application to unseal them is DENIED.

SO ORDERED.

Dated: April 18, 2022  
New York, New York

GREGORY H. WOODS  
United States District Judge