USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                   :

UNITED STATES OF AMERICA,        :

                                                   :

              -v-                        :                      1:19-cr-00064-GHW

                                                   :

NATALIE MAYFLOWER SOURS    :                      ORDER
EDWARDS,                                        :

                                                   :

                                Defendant.  :
-------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

### I. Background

On June 4, 2021, the day after the sentencing hearing in this case, counsel for the defendant, Dr. Sours Edwards, requested that the Court seal two documents previously filed on the public docket of the case. Dkt. No. 98 (the "Sealing Request"). The first document that the defendant asked the Court to seal was a submission by Dr. Sours Edwards in connection with a proceeding before the Merit Systems Protection Board (the "MSPB"). That document was dated July 7, 2020, and was submitted to the Court by the United States under cover of a letter dated July 9, 2020. Dkt. No. 55. The Government's cover letter informed the Court that the document was being submitted because, it contended, statements made by Dr. Sours Edwards in her submission regarding this case were false. *Id.* at 1. The Government asserted that the defendant's "misrepresentations reflect a troubling pattern of conduct, which the Government expects to address more fully at sentencing." *Id.* at 2.

The second document that the defendant asked the Court to seal was a decision by an administrative law judge that was attached to the Government's sentencing submission. That

document was publicly available on Westlaw prior to its presentation to the Court. Sealing Request at 2.

As the basis for her request, the defendant argued that both of those documents were protected by the Privacy Act of 1974, and that, as a result, the Government was prohibited from publishing them on the docket of this case. Sealing Request at 1. The Government filed an opposition to the Sealing Request on June 14, 2021 (the "Opposition"). Dkt. No. 101. In the Opposition, the Government argued that the request to seal the attachment to its July 2020 letter was untimely—it had already been available on the public docket for nearly a year at the time of the request. The Government also pointed out that the administrative law judge's decision was publicly available on Westlaw. Furthermore, the Government argued that the disclosures were not prohibited by the Privacy Act, and that, to the extent that they were, Dr. Sours Edwards' remedy was to bring a civil action, not to seal the information. Dr. Sours Edwards filed a reply on June 21, 2021. Dkt. No. 103.

## II.     Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (2d Cir. 2006) (internal quotation marks omitted) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The presumption of access is "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Therefore, motions to seal documents must be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents

from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted) (quoting *In re Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties. *See E.E.O.C. v. Kelley Drye & Warren LLP,* No. 10-cv-655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

The Second Circuit recently summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and whether it may be sealed. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document" – "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d at 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel

3

against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

### III. Analysis

Dr. Sours Edwards has not met her burden to overcome the presumption of public access with respect to these submissions. At the outset, they are judicial documents. They were presented to the Court in connection with Dr. Sours Edwards' sentencing. While the Court did not rely on them significantly in sentencing Dr. Sours Edwards, they were among the materials presented to the Court for consideration. The weight with respect to those materials is modest; the Court did not reference them in its sentencing decision.

Fundamentally, Dr. Sours Edwards has not demonstrated the existence of higher values that weigh strongly against the presumption of public access to these documents. The decision of the administrative law judge was available on Westlaw before it was posted on the docket of this case. There is no substantial value in withholding from the public this judicial document, which is known to be publicly available on other platforms. To do so would be a sham.

Similarly, there is no higher value that outweighs the presumption of public access to the MSPB submission by Dr. Sours Edwards. The Court need not take a position regarding whether the document is covered by the Privacy Act, or whether the Government's submission of it in this matter violated that act. That is because, in any case, the appropriate remedy would not be to withdraw the document from the public docket.

The Court reaches that conclusion in part for the simple reason that document had been filed on the public docket of this case for over eleven months at the time that Dr. Sours Edwards requested that it be sealed. The request to seal the document came too late. To the extent that Dr. Sours Edwards had a privacy interest in the document, by the time of her request that interest had been dramatically attenuated due to the long period of the document's public exposure on the

docket—particularly given the degree of public interest in this case. The Court could not un-ring a bell that had rung over eleven months before the date of the request. To the extent that Dr. Sours Edwards believes that the Government violated the Privacy Act in filing the document with the Court, the remedy is not to deprive the public of its access to this judicial document.

## IV. Conclusion

Because Dr. Sours Edwards has not met her burden to show that competing values outweigh the presumption of public access to judicial documents, the Sealing Request is DENIED.

SO ORDERED.

Dated: April 18, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge